IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS, | CASE NO. CV-F-04-6542 AWI LJO |
|     Plaintiff, | **ORDER ON DEFENDANT MORA'S MOTION TO SET ASIDE DEFAULT ENTRY** |
| vs. | (Doc. 48.) |
| JOSEPH MULLINS, et al., | |
|     Defendants. | |

## INTRODUCTION

In this 42 U.S.C. § 1983 action alleging unlawful search and arrest, California parole officer Diane Mora ("Officer Mora") seeks to set aside default entered against her by plaintiff Gary Willis ("Mr. Willis"). Mr. Willis has filed no opposition papers and appears to concede to set aside the default entry. This Court considered Officer Mora's motion to set aside default entry on the record and without the June 24, 2005 hearing, pursuant to this Court's Local Rule 78-230(c) and (h). For the reasons discussed below, this Court GRANTS Officer Mora's motion to set aside default entry.

## BACKGROUND

Mr. Willis proceeds on his first amended complaint to allege that defendant Bakersfield police officer Joseph Mullins ("Officer Mullins") falsely told Officer Mora that Mr. Willis was on parole and that Officer Mora arranged for several officers, including Officer Mullins and defendant Bakersfield police officer Brian Silvius ("Officer Silvius"), to search a motel room which Mr. Willis occupied on

1  March 27, 1996. Based on evidence collected from the search, Mr. Willis was convicted of a felony and
2  was incarcerated more than six years before his conviction was overturned. Mr. Willis' first amended
3  complaint alleges Officers Mullins, Silvius and Mora unlawfully entered Mr. Willis' motel room,
4  unlawfully arrested Mr. Willis and searched him and his property, and falsely charged him with crimes.

5  In response to Officer Mora's F.R.Civ.P. 12(b)(6) motion to dismiss, the district judge issued his
6  April 15, 2005 order to dismiss claims against Officer Mora but did not dismiss a limited 42 U.S.C. §
7  1983 claim against her in her individual capacity. The order was served on the parties on April 18, 2005
8  and did not require Mr. Willis to file a further amended complaint. On May 4, 2005, Officer Mora filed
9  with Mr. Willis their joint scheduling report.

10 On May 11, 2005 at 3:16 p.m., Mr. Willis filed his request to enter default against Officer Mora
11 on grounds that ten days, pursuant to F.R.Civ.P. 12(a)(4)(A), to respond to the remaining claim had
12 passed. Mr. Willis served defense counsel by U.S. mail with his default entry request. On May 12, 2005
13 at 11:42 a.m., Officer Mora filed her answer to Mr. Willis' first amended complaint to allege 20
14 affirmative defenses. On May 12, 2005 at 1:37 p.m., this Court's clerk entered default against Officer
15 Mora. On May 20, 2005, Officer Mora filed this motion to set aside default on grounds that this Court's
16 clerk improperly entered default, that failure to timely answer resulted from mistake of fact and
17 inadvertent error, that Mr. Willis will not be prejudiced by setting aside the default, and that Officer
18 Mora has a meritorious defense.

19 **DISCUSSION**
20 **Default Entry**

21 F.R.Civ.P. 55(a) governs entry of default: "When a party against whom a judgment for
22 affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that
23 fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

24 Officer Mora contends that the default entry of this Court's clerk was erroneous in that she filed
25 her answer prior to the clerk's default entry. Officer Mora further argues that Mr. Willis' default entry
26 request "is a transparent attempt to gain a tactical advantage." Officer Mora notes that Mr. Willis'
27 lawyer failed to raise the issue of default entry although Mr. Willis' lawyer and defense counsel jointly
28 prepared a joint scheduling report which was filed May 4, 2005.

1	Mr. Willis has ignored Officer Mora's defense of this action. On January 3, 2005, Officer Mora
2	filed her papers to dismiss Mr. Willis' claims and achieved great success with the district judge's April
3	15, 2005 order to dismiss all but a limited claim. "No default can be entered if defendant has filed a
4	response indicating its *intent to defend* the action. 1 Schwarzer, Tashima & Wagstaffe, *Cal. Practice*
5	*Guide: Fed. Civil Procedure Before Trial* (2005) Defaults, para. 6:28, p. 6-6 (citing *Direct Mail*
6	*Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (clerk's
7	default is void *ab initio* if defendant appeared) (italics in original).

8	This Court's clerk erroneously entered default against Officer Mora who proceeded with her
9	motion to dismiss to defend this action. This Court's docket reflects that less than 20 hours after Mr.
10	Willis' filed his default entry application, Officer Mora filed her answer and shortly thereafter, this
11	Court's clerk entered default. Officer Mora filed her answer prior to default entry, and the clerk
12	apparently did not recognize the answer when the clerk entered default. Mr. Willis wrongfully sought
13	to take advantage of the circumstances when courtesy and professionalism dictated that his counsel
14	inform defense counsel of the need for an answer in the absence of a further amended complaint. Mr.
15	Willis appears to concede setting aside default as to Officer Mora with his failure to challenge her
16	motion.

17	**Relief From Default Standards**

18	Despite the clerk's erroneous default entry and Mr. Willis' lack of opposition, further grounds
19	support setting aside default entry as to Officer Mora. A court may set aside an entry of default "for
20	good cause shown." F.R.Civ.P. 55(c). A court may set aside a default **judgment** for "mistake,
21	inadvertence, surprise or excusable neglect." F.R.Civ.P. 60(b)(1).

22	Generally, a more lenient standard is applied to setting aside entry of default than that for
23	vacating a default judgment. *Hart v. Parks*, 2001 WL 636444, 636447 (N.D. Cal. 2001); *see also,*
24	*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Johnson v. Dayton Elec.*
25	*Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (vacating a default judgment "requires a stronger showing
26	of excuse than relief from a mere default order"); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368
27	(7th Cir. 1983); *Waifersong, Ltd. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *Johnson*, 140
28	F.3d at 783.

"Given a preference for adjudicating cases on their merits, it is within the discretion of the trial court whether a default should be set aside." *Hart*, 2001 WL at 636447; *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever possible.") "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). A court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust*, 794 F.2d at 513. Stated differently, the issue is "would an adjudication on the merits present 'some possibility' that a defendant would prevail on at least some of the claims or damages asserted." *Hart*, 2001 WL at 636447.

As a practical matter, when considering a motion to set aside default entry, the parallels between granting relief from default entry and default judgment "encourage utilizing the list of grounds for relief provided in Rule 60(b)." *Hawaii Carpenters' Trust*, 794 F.2d at 513; *Hart*, 2001 W.L. at 636447. These factors include: (1) whether defendant's culpable conduct led to the default; (2) whether plaintiff would be unduly prejudiced by setting aside default entry; and (3) whether defendant can present a meritorious defense. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *Hart*, 2001 WL at 636447; *see, e.g., Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168 (1989). "This tripartite test is disjunctive. Hence, a finding that the plaintiff will be prejudiced, *or* that the defendant lacks a meritorious defense, *or* that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (italics in original).

### **Good Cause Factors**

Officer Mora argues that good cause exists to set aside default entry in that this Court's clerk improperly entered default and there was a lack of clarity whether the district judge's April 15, 2005 order required a sooner answer to Mr. Willis' limited remaining claim. Officer Mora bears the burden to show that any of the factors favor setting aside default. *See Franchise Holding II*, 375 F.3d at 926.

### *Culpable Conduct*

"Culpable conduct" generally means "inexcusable." *Hart*, 2001 WL at 636448. In addressing whether to set aside a default, most courts focus on the defaulting party's willfulness and consider whether the party intended to violate court procedures. *Hart*, 2001 WL at 636448; *see Information Systems & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed.Cir. 1993). The more liberal standard to address setting aside defaults focuses on a defendant's "willfulness." *Hart*, 2001 WL at 636448.

"Mistake, inadvertence, surprise or excusable neglect" are factors considered to determine "good cause" to set aside default entry. *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497 (1993). Since the provisions for relief are remedial in nature, they must be liberally applied. *In Re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

In an analogous situation, the United States Supreme Court noted:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment*, 507 U.S. at 395, 113 U.S. at 1498 (addressing excusable neglect as grounds to permit late filing of creditor's claim under Bankruptcy Rule 9006(b)(1).) Although decided in a bankruptcy context, the U.S. Supreme Court's interpretation of excusable neglect is based on the plain meaning of those terms and applies in nonbankruptcy contexts. *See Stutson v. United States*, 516 U.S. 193, 116 S.Ct. 600, 602-603 (six Courts of Appeals have applied *Pioneer Investment* in nonbankruptcy contexts).

In his declaration, defense counsel details his heavy workload following the district judge's April 15, 2005 decision and explains:

> When I received this Court's April 15, 2005 decision granting in part and denying in part

1
2
3
4
> Defendants' motions to dismiss, I was aware of the time limit fixed by Fed. R. Civ. P. 12(b)(4) for answering a complaint following the denial of a motion to dismiss. Because of my heavy workload, as outlined above, I did not research the question of whether this time limit applies to a ruling granting in part and denying in part a motion to dismiss. Further, given the number of Plaintiff's claims and Defendants dismissed for failure to plead sufficient facts, I expected Plaintiff's counsel to amend, or move for leave to amend, the complaint.

Putting aside the clerk's error to enter default, the facts raise not even an inference that defense counsel willfully delayed to file an answer for Officer Mora. Within 20 hours of Mr. Willis' filing of his default entry request, Officers Mora filed her answer. Unfortunately, the district judge's April 15, 2005 order did not summarize that a 42 U.S.C. § 1983 claim remains against Officer Mora and did not clarify a deadline for her answer although the order gutted Mr. Willis' claims. Based on the limited claim remaining after the district judge's April 15, 2005 order, a further amended complaint could logically be anticipated to clean up the pleadings. The excusable neglect here was defense counsel's failure to follow up with Mr. Willis' lawyer to ascertain whether a further amended complaint would be filed, especially given that Mr. Willis' lawyer concealed his intent to seek default entry.

Officer Mora points to the default request's "transparent attempt to gain a tactical advantage" and failure of Mr. Willis' lawyer to give a courtesy notice despite defense counsel's active defense and joint preparation with Mr. Willis' lawyer in a joint scheduling report. Such practice is disfavored in this Court. The culpable conduct here is the lack of courtesy and professionalism of Mr. Willis' lawyer engaging in "gotcha" gamesmanship. A mere inquiry to defense counsel could have cleared outstanding questions regarding absence of an answer and is a courtesy this Court expects and demands of counsel who appear before it.

### *Meritorious Defense*

Mr. Willis fails to challenge the merits of Officer Mora's 20 affirmative defenses. In addressing relief from default, "courts uniformly consider whether defendant has a meritorious defense." *Hawaii Carpenters' Trust*, 794 F.2d at 513 (quoting 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2694 (1983)); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (1984). The Ninth Circuit Court of Appeals has explained:

> A party in default thus is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default. . . . To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and

expense to the parties and court system.

*Hawaii Carpenters' Trust*, 794 F.2d at 513.

A meritorious defense is not necessarily one which must, beyond doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994); *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990); *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 186 (7th Cir. 1990). The defendant need not establish his defense conclusively but must present evidence of facts that, "if proven at trial, would constitute a complete defense." *Securities and Exchange Commission v. McNulty*, 137 F.3d 732, 740 (2nd Cir.), *cert. denied*, 525 U.S. 391, 119 S.Ct. 340 (1998) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2nd Cir. 1993)). "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *Hritz*, 732 F.2d at 1181 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

In the absence of challenge to Officer Mora's motion to set aside default entry, this Court need not conclusively test Officer Mora's defenses, especially since discovery remains. Officer Mora has defenses which, if established through further discovery, may provide a complete defense at summary judgment/adjudication or trial. In light of the impropriety of default entry, Officer Mora's defenses are to be tested on their merits, not on a misguided attempt to stretch an erroneous default entry into a default judgment.

### *Prejudice To Mr. Willis*

No prejudice to Mr. Willis is apparent by setting aside default entry. Mr. Willis concedes the absence of prejudice with his failure to challenge setting aside default entry.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS Officer Mora's motion to set aside default entry.

IT IS SO ORDERED.

**Dated:    June 21, 2005                        /s/ Lawrence J. O'Neill**

1  66h44d                             UNITED STATES MAGISTRATE JUDGE