IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH MULLINS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV-F-04-6542 AWI LJO<br><br>**ORDER ON DEFENDANTS MULLINS AND SILVIUS' MOTION TO SET ASIDE DEFAULT ENTRY**<br>(Doc. 43.) |

## INTRODUCTION

In this 42 U.S.C. § 1983 action alleging unlawful search and arrest, defendant Bakersfield Police Officers Joseph Mullins ("Officer Mullins") and Brian Silvius ("Officer Silvius") seek to set aside default entered against them by plaintiff Gary Willis ("Mr. Willis"). This Court considered Officer Mullins and Silvius' motion to set aside default entry on the record and without the June 24, 2005 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS Officer Mullins and Silvius' motion to set aside default entry.

## BACKGROUND

Mr. Willis proceeds on his first amended complaint to allege that Officer Mullins falsely told defendant California Parole Officer Diane Mora ("Officer Mora") that Mr. Willis was on parole and that Officer Mora arranged for several officers, including Officers Mullins and Silvius, to search a motel room which Mr. Willis occupied on March 27, 1996. Based on evidence collected from the search, Mr.

1

1  Willis was convicted of a felony and was incarcerated more than six years before his conviction was
2  overturned. Mr. Willis' first amended complaint alleges Officers Mullins, Silvius and Mora unlawfully
3  entered Mr. Willis' motel room, unlawfully arrested Mr. Willis and searched him and his property, and
4  falsely charged him with crimes.

5  In response to Officers Mullins and Silvius' F.R.Civ.P. 12(b)(6) motion to dismiss, the district
6  judge issued his April 15, 2005 order to dismiss claims against Officers Mullins and Silvius but did not
7  dismiss a limited 42 U.S.C. § 1983 claim against them in their individual capacities. The order was
8  served on the parties on April 18, 2005 and did not require Mr. Willis to file a further amended
9  complaint. On May 4, 2005, Officers Mullins and Silvius filed their scheduling report without Mr.
10 Willis' participation in it.

11 On May 11, 2005 at 3:16 p.m., Mr. Willis filed his request to enter default against Officers
12 Mullins and Silvius on grounds that ten days, pursuant to F.R.Civ.P. 12(a)(4)(A), to respond to the
13 remaining claim had passed. Mr. Willis served defense counsel by U.S. mail with his default entry
14 request. On May 11, 2005 at 6:08 p.m., Officer Mullins and Silvius filed their answer to Mr. Willis' first
15 amended complaint to allege 12 affirmative defenses. On May 12, 2005 at 1:37 p.m., this Court's clerk
16 entered default against Officers Mullins and Silvius. On May 12, 2005 at 3:07 p.m., Officers Mullins
17 and Silvius filed this motion to set aside default on grounds default resulted from excusable neglect,
18 Officers Mullins and Silvius have meritorious defenses and have defended against Mr. Willis' claims,
19 and Mr. Willis sought default entry "for harassment."

## DISCUSSION

### Default Entry

22 F.R.Civ.P. 55(a) governs entry of default: "When a party against whom a judgment for
23 affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that
24 fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

25 Officers Mullins and Silvius contend that the default entry of this Court's clerk was erroneous
26 in that they filed their answer the day prior to the clerk's default entry.  Officer Mullins and Silvius
27 further argue that Mr. Willis' default entry request was without merit in that Officer Mullins and Silvius
28 have defended this action, including participating in discovery and filing several papers prior to Mr.

2

Willis' default entry request. Officer Mullins and Silvius note that their counsel has had "numerous contacts" with Mr. Willis' lawyer, including depositions at the office of Mr. Willis' lawyer.

Without citation to authority, Mr. Willis contends that submission of his default entry request "prevented the answer from being filed because it was filed before the answer was submitted. The fact the answer was recorded in the docket is of no effect here at all, because a request to enter default prevents the filing of an answer and until the clerk does not enter default as requested, because of some deficiency in the request to enter default."

Mr. Willis has ignored Officers Mullins and Silvius' defense of this action. On December 23, 2004, Officers Mullins and Silvius filed their papers to dismiss Mr. Willis' claims and achieved great success with the district judge's April 15, 2005 order to dismiss all but a limited claim. "No default can be entered if defendant has filed a response indicating its *intent to defend* the action." 1 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2005) Defaults, para. 6:28, p. 6-6 (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (clerk's default is void *ab initio* if defendant appeared)).

This Court's clerk erroneously entered default against Officers Mullins and Silvius who had proceeded with their motion to dismiss to defend this action. This Court's docket reflects that less than three hours after Mr. Willis' filed his default entry application, Officers Mullins and Silvius filed their answer and on the afternoon of the following day, this Court's clerk entered default. Officer Mullins and Silvius filed their answer prior to default entry, and the clerk apparently did not recognize the answer when the clerk entered default the next day. Mr. Willis wrongfully sought to take advantage of the circumstances when courtesy and professionalism dictated that his lawyer inform defense counsel of the need for an answer in the absence of a further amended complaint.

**Relief From Default Standards**

Despite the clerk's erroneous default entry, further grounds support setting aside default entry as to Officers Mullins and Silvius. A court may set aside an entry of default "for good cause shown." F.R.Civ.P. 55(c). A court may set aside a default **judgment** for "mistake, inadvertence, surprise or excusable neglect." F.R.Civ.P. 60(b)(1).

Generally, a more lenient standard is applied to setting aside entry of default than that for

3

vacating a default judgment. *Hart v. Parks*, 2001 WL 636444, 636447 (N.D. Cal. 2001); *see also, Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (vacating a default judgment "requires a stronger showing of excuse than relief from a mere default order"); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983); *Waifersong, Ltd. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *Johnson,* 140 F.3d at 783.

"Given a preference for adjudicating cases on their merits, it is within the discretion of the trial court whether a default should be set aside." *Hart*, 2001 WL at 636447; *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever possible.") "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). A court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust*, 794 F.2d at 513. Stated differently, the issue is "would an adjudication on the merits present 'some possibility' that a defendant would prevail on at least some of the claims or damages asserted." *Hart*, 2001 WL at 636447.

As a practical matter, when considering a motion to set aside default entry, the parallels between granting relief from default entry and default judgment "encourage utilizing the list of grounds for relief provided in Rule 60(b)." *Hawaii Carpenters' Trust*, 794 F.2d at 513; *Hart*, 2001 W.L. at 636447. These factors include: (1) whether defendant's culpable conduct led to the default; (2) whether plaintiff would be unduly prejudiced by setting aside entry of default; and (3) whether defendant can present a meritorious defense. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *Hart*, 2001 WL at 636447; *see, e.g., Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168 (1989). "This tripartite test is disjunctive. Hence, a finding that the plaintiff will be prejudiced, *or* that the defendant lacks a meritorious defense, *or* that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (italics in original).

**<u>Good Cause Factors</u>**

Officers Mullins and Silvius argue that good cause exists to set aside default entry in that their default, if any, was brief, Mr. Willis has suffered no prejudice, and they have meritorious defenses. They bear the burden to show that any of the factors favor setting aside default. *See Franchise Holding II*, 375 F.3d at 926.

*Culpable Conduct*

"Culpable conduct" generally means "inexcusable." *Hart*, 2001 WL at 636448. In addressing whether to set aside a default, most courts focus on the defaulting party's willfulness and consider whether the party intended to violate court procedures. *Hart*, 2001 WL at 636448; *see Information Systems & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed.Cir. 1993). The more liberal standard to address setting aside defaults focuses on a defendant's "willfulness." *Hart*, 2001 WL at 636448.

"Mistake, inadvertence, surprise or excusable neglect" are factors considered to determine "good cause" to set aside default entry. *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983); *Waifersong*, 976 F.2d at 292. "'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497 (1993). Since the provisions for relief are remedial in nature, they must be liberally applied. *In Re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

In an analogous situation, the United States Supreme Court noted:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment*, 507 U.S. at 395, 113 U.S. at 1498 (addressing excusable neglect as grounds to permit late filing of creditor's claim under Bankruptcy Rule 9006(b)(1).) Although decided in a bankruptcy context, the U.S. Supreme Court's interpretation of excusable neglect is based on the plain meaning of those terms and applies in nonbankruptcy contexts. *See Stutson v. United States*, 516 U.S.

1 | 193, 116 S.Ct. 600, 602-603 (six Courts of Appeals have applied *Pioneer Investment* in nonbankruptcy
2 | contexts).

3 |       Officer Mullins and Silvius note that their counsel "was mistaken on his duty to respond" to the
4 | district judge's April 15, 2005 order in that "the court eviscerated plaintiff's complaint but did not state
5 | when defendants were to respond" and "[d]efense counsel mistakenly interpreted that omission to mean
6 | that plaintiff would have to amend his complaint." Officer Mullins and Silvius further note that their
7 | counsel continued to defend them prior to filing their answer.

8 |       Mr. Willis responds that defense counsel's failure to sooner file an answer "is a demonstrable
9 | showing of ignorance of the applicable rule" and "more than mere negligence, and therefore, there is no
10 | basis to find excusable neglect such as to warrant setting aside the defaults." Mr. Willis continues that
11 | defense counsel "did not know the applicable law and made a conscious decision not to answer, and such
12 | a decision could not, as a matter of law, constitute excusable neglect."

13 |       Putting aside the clerk's error to enter default, the facts raise not even an inference that defense
14 | counsel willfully delayed to file an answer for Officers Mullins and Silvius. Within three hours of Mr.
15 | Willis' filing of his default entry request, Officers Mullins and Silvius filed their answer. Unfortunately,
16 | the district judge's April 15, 2005 order did not summarize that a 42 U.S.C. § 1983 claim remains
17 | against Officers Mullins and Silvius and did not set a deadline for their answer although the order gutted
18 | Mr. Willis' claims. Based on the limited claim remaining after the district judge's April 15, 2005 order,
19 | a further amended complaint could logically be anticipated to clean up the pleadings. The excusable
20 | neglect here was defense counsel's failure to follow up with Mr. Willis' lawyer to ascertain whether a
21 | further amended complaint would be filed.

22 |       Officers Mullins and Silvius further claim that Mr. Willis' lawyer entered a "secret default"
23 | without giving a courtesy notice despite their counsel's active defense and that such practice is
24 | disfavored in this Court. In his declaration, counsel for Officers Mullins and Silvius states: "Plaintiff's
25 | counsel made no attempt to contact defense counsel to inquire whether City defendants intended to
26 | answer the complaint nor did plaintiff's counsel inform defendants of his intent to request the clerk for
27 | an entry of default." The culpable conduct here is the lack of courtesy and professionalism of Mr.
28 | Willis' lawyer engaging in "gotcha" gamesmanship. A mere inquiry to defense counsel could have

cleared outstanding questions regarding absence of an answer and is a courtesy this Court expects and demands of counsel who appear before it.

### *Meritorious Defense*

Mr. Willis contends that none of Officer Mullins and Silvius' 12 affirmative defenses is viable. In addressing relief from default, "courts uniformly consider whether defendant has a meritorious defense." *Hawaii Carpenters' Trust*, 794 F.2d at 513 (quoting 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2694 (1983)); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (1984). The Ninth Circuit Court of Appeals has explained:

> A party in default thus is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default. . . . To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system.

*Hawaii Carpenters' Trust*, 794 F.2d at 513.

A meritorious defense is not necessarily one which must, beyond doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994); *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990); *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 186 (7th Cir. 1990). The defendant need not establish his defense conclusively but must present evidence of facts that, "if proven at trial, would constitute a complete defense." *Securities and Exchange Commission v. McNulty*, 137 F.3d 732, 740 (2nd Cir.), *cert. denied*, 525 U.S. 391, 119 S.Ct. 340 (1998) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2nd Cir. 1993)). "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *Hritz*, 732 F.2d at 1181 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

In essence, Mr. Willis asks this Court to engage in a dispositive motion-type analysis to conclude Officers Mullins and Silvius lack meritorious defenses. At this point, this Court need not conclusively test Officer Mullins and Silvius' defenses, especially since discovery remains. Officer Mullins and Silvius have defenses which, if established through further discovery, may provide a complete defense

1  at summary judgment/adjudication or trial. In light of the impropriety of default entry, Officer Mullins
2  and Silvius' defenses are to be tested on their merits, not on a misguided attempt to stretch an erroneous
3  default entry into a default judgment.

4        Moreover, in their reply papers, Officers Mullins and Silvius point out grounds to support a
5  meritorious defense. Officers Mullins and Silvius characterize a portion of Mr. Willis' remaining claim
6  as malicious prosecution. In the Ninth Circuit, a malicious prosecution claim is generally unavailable
7  "if process is available within the state judicial system to provide a remedy." *Usher v. City of Los*
8  *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). An exception exists "when a malicious prosecution is
9  conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended
10 to subject a person to denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.
11 1985) (en banc). In California, the malicious prosecution elements in criminal and civil contexts are the
12 same. *Villa v. Cole*, 4 Cal.App.4th 1327, 1334, 6 Cal.Rptr.2d 644, 648 (1992). The malicious
13 prosecution plaintiff must plead and prove "the prior proceeding, commenced by or at the direction of
14 the malicious prosecution defendant, was (1) pursued to a legal termination favorable to the plaintiff;
15 (2) brought without probable cause; and (3) initiated with malice." *Villa*, 4 Cal.Appl4th at 1335, 6
16 Cal.Rptr.2d at 648; *see Singleton v. Perry*, 45 Cal.2d 489, 494, 289 P.2d 794 (1955); *Usher*, 828 F.2d
17 at 562.

18       As to initiation of criminal proceedings, Officers Mullins and Silvius note that the presumption
19 of prosecutorial independence shields them. "Ordinarily, the decision to file a criminal complaint is
20 presumed to result from an independent determination on the part of the prosecutor, and thus, precludes
21 liability for those who participated in the investigation or filed a report that resulted in the initiation of
22 proceedings." *Awabdy v. City of Adelano*, 368 F.3d 1062, 1067 (9th Cir. 2004) (citing *Smiddy v. Varney*,
23 665 F.2d 261, 266-268 (9th Cir. 1981)). According to Officers Mullins and Silvius, their involvement
24 was limited to underlying investigation at Mr. Willis' motel room, preparation of police reports and
25 testifying at trial. Officers Mullins further point out that they neither provided misinformation,
26 concealed exculpatory evidence nor engaged in wrongful or bad faith conduct when communicating with
27 prosecutors. Of key importance, Officer Mullins' report noted that a hypodermic syringe was in plain
28 view, that Mr. Willis admitted to methamphetamine possession and consented to Officer Mullins'

8

retrieval of it, and that Officer Silvius located approximately five grams of what was believed to be methamphetamine and other drug use equipment.

Officer Mullins and Silvius question whether Mr. Willis' underlying criminal matter was terminated in his favor for malicious prosecution purposes in that his conviction was overturned based on the exclusionary rule, a technical ground unrelated to guilt. The California Supreme Court has explained:

> It is not enough, however, merely to show that the proceeding was dismissed. The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge of crime against an innocent person. . . . If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination.

*Jaffe v. Stone*, 18 Cal.2d 146, 149-150, 144 P.2d 335 (1941).

Officers Mullins and Silvius further contend there is an absence of evidence that they acted with malice. They claim that they acted to achieve legitimate police objectives to investigate narcotics trafficking and that they had no prior contact with Mr. Willis.

As to Mr. Willis' false arrest claim, Officers Mullins and Silvius argue that they had probable cause to arrest Mr. Willis on charges of drug paraphernalia possession and possession of controlled substance for sale. "Arresting officers have probable cause to make warrantless arrests, if, at the moment of arrest, facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *United States v. Hillison*, 733 F.2d 692, 696 (9th Cir. 1984). There is no federal civil rights claim for false arrest if the arresting officer had probable cause. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2nd Cir. 1995), *cert. denied*, 517 U.S. 1189, 116 S.Ct. 1676 (1996).

Officers Mullins and Silvius noted that they located in Mr. Willis' motel room approximately 20 hypodermic syringes and several spoons, approximately five grams of a brown, chunky substance (which Mr. Willis admitted was methamphetamine), a set of plastic scales and clear plastic packaging. Thus, they conclude the circumstances warranted a belief that Mr. Willis committed California drug crimes.

In addition, Officers Mullins and Silvius contend they are entitled to qualified immunity as to Mr. Willis' unlawful search claim. Qualified immunity protects section 1983 defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir. 2004). "As the qualified immunity defense has evolved, it provides ample protection for all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). The "contours" of the allegedly violated right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [I]n the light of preexisting law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039 (1987). "If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Saucier*, 533 U.S. at 205, 121 S.Ct. 2151.

According to Officers Mullins and Silvius, Officer Mora informed them Mr. Willis was on active parole to entitle Officers Mullins and Silvius to reasonably believe Mr. Willis was subject to a warrantless search. Officers Mullins and Silvius claim their search resulted from legitimate police objectives to investigate narcotics trafficking.

Based on Officers Mullins and Silvius' defenses, they have raised serious questions to eviscerate grounds for default judgment against them.

### *Prejudice To Mr. Willis*

Mr. Willis claims he would be "unfairly prejudiced" to litigate matters that "have no merit and which plaintiff already once has litigated" in his underlying criminal case. Mr. Willis transparently seeks to avoid litigating "on the merits" his claims in this "civil" action which he would be required to litigate in the absence of the erroneous default entry. Mr. Willis fails to demonstrate the slightest prejudice given this case proceeds in early discovery.

### **Service Of Officers Mullins and Silvius' Papers**

Scratching the bottom of the barrel, Mr. Willis attempts to argue that this Court lacks jurisdiction to hear this motion in the absence of a proper proof of service to Officers Mullins and Silvius' motion papers.

To their papers, Officers Mullins and Silvius attach a proof of service executed May 12, 2005

by Vickie Mora to state that she served copies of the papers in a sealed envelope addressed to Mr. Willis' counsel. The proof of service further states:

> I am readily familiar with the practice for collection and processing of correspondence for mailing with the United States Postal Service of the firm. The practice is to deposit with the United States Postal Service the same day it is placed for mailing in the ordinary course of business. I placed the envelope(s), with postage prepaid . . . for collection and processing for mailing following said practice. (Code Civ. Proc., §§ 1013, et seq.)
>
> . . .
>
> I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Mr. Willis gripes that the proof of service does not indicate "**actual mailing in the United States mail**" but includes a valid state, not federal, proof of service. (Bold in original.) According to Mr. Willis, Officers Mullins and Silvius papers were improperly served "because no person certifies that she or he **actually made service**, and the purported certificate of service because it was not made by declaration of any person actually accomplishing the service." (Bold in original.) Based on the proof of service, Mr. Willis claims that "anything that occurred in this action were the default to be set aside, would be a nullity."

Mr. Willis is wrong. A default judgment based on the erroneous default entry would be a nullity. Moreover, Mr. Willis does not complain about failure to receive Officers Mullins and Silvius' papers. He clearly received them to file his timely opposition.

Mr. Willis' claim boils down to the absence of the declarant's statement that she mailed Officer Mullins and Silvius' papers. Mr. Willis provides no pertinent authority for his notion. This Court's Local Rule 5-135(c) requires proof of service for motion papers to be "endorsed upon or affixed to the original of the document . . . . Proof of service shall be under penalty of perjury and shall include the date, manner and place of service." A leading practice guide notes that a declaration for proof of service should state the documents served, the date and manner of service (personal, mail, electronic, etc.), and the name and address of the person served. 3 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2005) Motion Practice, para. 12:84.16, p. 12-34. As to service by mail, the practice guide states:

> The declaration should either comply with state rules governing proof of service

    by mail (Calif. CCP § 1013a(1)) or state:

- the *date* and *manner* of service (e.g., by first class mail);
- the *names* of the persons served; and
- their *mailing addresses*. [See 1991 Adv. Comm. Note to FRCP 5(d); see also FRAP 24(d)(1)]

3 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2005) Motion Practice, para. 12:84.20, p. 12-35.

    Mr. Willis concedes the proof of service meets California requirements. The proof of service describes the documents served, date and manner of service, name of person served and other required information. The lack of merit of Mr. Willis' service argument highlights the impropriety to pursue default entry and in turn default judgment.

## CONCLUSION AND ORDER

    For the reasons discussed above, this Court GRANTS Officer Mullins and Silvius' motion to set aside default entry.

    IT IS SO ORDERED.

**Dated:   June 21, 2005**                                  **/s/ Lawrence J. O'Neill**
66h44d                                                    UNITED STATES MAGISTRATE JUDGE