UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY WILLIS, | ) | CIV-F-04-6542 AWI LJO |
|         Plaintiff, | ) ) | ORDER RE: PLAINTIFF'S MOTIONS TO STRIKE |
| v. | ) ) | DEFENDANTS' ANSWERS |
| JOSEPH MULLINS, et al., | ) ) | |
|         Defendants. | ) ) | |

Two separate motions seek to strike the answers of Defendant Mora and Defendants Mullins, Silvius, and the City of Bakersfield ("City Defendants"). All Defendants have filed oppositions. The matter was taken under submission without oral argument.

**I. History**

Gary Willis ("Plaintiff") was a registered occupant of a motel on March 27, 1996. That day, a Kern County Narcotics Enforcement Team entered the motel room, searched it, and arrested Plaintiff. The team consisted of four members: Bakersfield Police Officer Joseph Mullins; Bakersfield Police Officer Silvius; Kern County Deputy Sheriff Hood; and California State Parole Officer Diane Mora. Joseph Mullins told Diane Mora that Plaintiff was on parole; Diane Mora arranged for the team of officers to search the motel room. Plaintiff contends he was not on parole. Based on evidence collected from the search, Plaintiff was ultimately convicted of a felony and spent over six years in state prison. The California Supreme Court overturned

Plaintiff's conviction on June 3, 2002. See People v. Willis, 28 Cal. 4th 22 (Cal. 2002). Plaintiff was released on August 31, 2002. Plaintiff first filed this suit in the Central District of California on May 3, 2004. He filed his amended complaint on September 16, 2004. Transferred File, Doc. 14. At a hearing on November 8, 2004, the trial judge ordered the case transferred to the Eastern District of California due to improper venue.

The named defendants in the case were the four officers who took part in the March 27, 1996 arrest; former California Governor Pete Wilson; current California Governor Arnold Schwarzenegger; former CDC Director C.A. Terhune; former CDC Director Richard Rimmer; current CDC Director Jeanne Woodford; the City of Bakersfield; Mayor of Bakersfield Harvey Hall; Bakersfield City Council Member Irma Carson; Bakersfield City Council Member Sue Benham; Bakersfield City Council Member Mike Maggard; Bakersfield City Council Member David Couch; Bakersfield City Council Member Harold Hanson; Bakersfield City Council Member Jacquie Sullivan; and Bakersfield City Council Member Mark Salvaggio. Plaintiff sues all persons in both their official and individual capacities. The amended complaint contained nine causes of action: (1) monetary relief under 42 U.S.C. § 1983 for violation of Fourth and Fourteenth Amendment rights; (2) monetary relief under 42 U.S.C. § 1983 for conspiracy to commit count one; (3) monetary relief under 42 U.S.C. § 1983 for a policy, practice, procedure, and custom of committing Fourth and Fourteenth Amendment violations; (4) monetary relief under 42 U.S.C. § 1983 against [the Bakersfield Officials] for the City's policy of indemnifying police officers in civil rights cases; (5) declaratory relief under 28 U.S.C. § 2201 finding that there is a custom, pattern and practice of Fourth and Fourteenth Amendment violations by police in California; (6) injunctive relief under 28 U.S.C. § 1651 preventing all Defendants from engaging in violations of the Fourth and Fourteenth Amendment; (7) monetary relief under RICO for loss of actual employment and employment opportunities; (8) monetary relief for conspiracy to commit count seven; and (9) monetary relief under Cal. Civ. Code § 52.1 for violation of Fourth and Fourteenth Amendment rights. See Transferred File, Doc. 14.

The Defendants fell into two groups, which are separately represented by counsel: those affiliated with the City of Bakersfield and those affiliated with the State of California. Both

groups filed motions to dismiss. Docs. 5 and 7.  Plaintiff opposed both motions. Docs. 10 and 14. Oral argument was held on March 28, 2005.  The motions to dismiss were granted in part and denied in part on April 18, 2005.  By Order, all Defendants except Mora, Mullins, Silvius, and the City of Bakersfiled were dismissed; claims three, seven, eight, and nine were dismissed with limitations to claims one, two, and four. Doc. 33.

On May 11, 2005, Plaintiff filed a request for entry of default. Doc. 39.  Defendant Mora and City Defendants then filed answers. Docs. 40 and 41.  Subsequently, the clerk's office entered default on May 12, 2005. Doc. 42.  Defendant Mora and City Defendants then made motions to set aside default. Docs. 43 and 48.  Magistrate Judge O'Neill issued orders on June 22, 2005 setting aside default against all remaining Defendants. Docs. 60 and 61.

Meanwhile, Plaintiff filed motions to strike the answers on May 20, 2005. Docs. 44 and 47.  Defendants opposed the motions. Docs. 51 and 54.  Plaintiff also filed a motion for summary judgment. Doc. 45.  Defendants opposed the summary judgment motion as well. Docs. 52 and 55.  Plaintiff's three motions were scheduled for oral argument on July 11, 2005.  On July 6, 2005, the court issued an order taking the motions to strike under submission and resetting the briefing schedule and oral argument for the summary judgment motion. Doc. 65.

City Defendants also filed a brief in opposition to Plaintiff's motion to impose Rule 11 sanctions on defense counsel for filing a answer after the clerk's entry of default. Doc. 52.  There is no record of such a motion in the docket of the case; it does not appear that Plaintiff's counsel properly filed such a motion in accord with the electronic filing requirements of the Eastern District.  As no sanctions motion has been filed, the court need not address the issue.

## II. Discussion

**A. Plaintiff's Jurisdiction Arguments**

First, Plaintiff argues that Plaintiff's request to enter default cut off Defendants' ability to file any papers in the case. Doc. 44, Motion to Strike, at 3:7-13; Doc. 47, Motion to Strike Mora Answer, at 3:7-13.  As Defendant Mora points out, in the only case cited by Plaintiff in support of his argument, it is the entry of default (not a request directed at the clerk's office to enter

3

default) which acted to limit the party's ability to make further filings with the court in that case. Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927). Further, the decision in Clifton was based upon "Rule 16" of the "equity rules promulgated in 1912." Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927). Plaintiff makes no explanation of how the then applicable rules are related to the current Federal Rules of Civil Procedure. The current Federal Rules of Civil Procedure do not state that a request to enter default works to cut off a defendant's ability to file papers.

Second, Plaintiff claims that the court lacks jurisdiction to entertain the answer because there was no proper certificate showing proof of service. Doc. 44, Motion to Strike City Answer, at 3:17-22; Doc. 47, Motion to Strike Mora Answer:15-21. For proof of service, Defendants provided the declarations of individuals who placed the answers in their office's internal mail collection system (which would then be sent through the U.S. Post Office system) as opposed to actual U.S. Post Office. See Docs. 40 and 41. Plaintiff does not claim that service was not effected; his substantive response to the answers plainly demonstrate that his attorney actually received those documents. Federal Rules of Civil Procedure 5(d) states that "All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court." The Advisory Committee that wrote this language in 1991 stated: "Subdivision (d). This subdivision is amended to require that the person making service under the rule certify that service has been effected. Such a requirement has generally been imposed by local rule. Having such information on file may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service." Advisory Committee Notes, 1991 Amendment.

The key purpose of requiring a certificate of service is to assure the court that a pleading has been served on all relevant parties. When receipt of the pleading by those parties is established, the adequacy of the certificate becomes secondary. See Russell v. City of Milwaukee, 338 F.3d 662, 666 (7th Cir. 2003) ("the absence of a certificate does not require the invalidation of the paper where service is not contested or where the court finds that service was accomplished"); Ives v. Guilford Mills, Inc., 3 F. Supp. 2d 191, 195 (N.D.N.Y. 1998) ("The question then becomes whether the Amended Complaint, although served on the parties and filed

1   with the Court, should be disregarded because of the absence of a certificate of service. The
2   Court concludes that it should not. The principal importance of the certificate of service is to
3   provide the Court with clear proof that service has been accomplished. Where actual service is
4   not contested, there is little point to invalidating an Amended Complaint for lack of a
5   certificate"). Since Plaintiff's attorney did receive the answers, the potential inadequacy of the
6   proofs of service need not be addressed.

7       Plaintiff's attorney has opted out of the Eastern District's system for receiving electronic
8   service of documents as described in Local Rule 5-135(g). City Defendants ask that Plaintiff's
9   attorney be compelled to opt in to the system to prevent such disputes in the future and to
10  comport with the Eastern District's expressed desire for attorneys to file and receive all
11  documents electronically. Doc. 51, City Opposition, at 4:17-21. At this time, the court will not
12  require Plaintiff's attorney to receive service of documents electronically. However, the court
13  notes the rather frivolous nature of Plaintiff's argument requiring the proper showing of proof of
14  service. The court also notes that Plaintiff's attorney has continued to make objections of this
15  type to Defendants' filings. Doc. 70. These objections are similarly frivolous in nature.
16  Plaintiff's attorney is cautioned that any future, similar objections to proof of service will result
17  in a court order mandating the receipt of documents electronically.

19  **B. Substantive Objections to Defendants' Defenses**

20      Plaintiff seeks to have all of Defendants' affirmative defenses stricken. Motions to strike
21  material from an answer are for the purpose of eliminating "any insufficient defense or any
22  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When dealing
23  with an insufficient defense, courts are "slow to grant motions to dismiss affirmative defenses. A
24  defendant should be given the opportunity to prove his allegations if there is any possibility that
25  the defense might succeed after full hearing on the merits." Purex Corp. v. General Foods Corp.,
26  318 F. Supp. 322, 323 (C.D. Cal. 1970). "The presence of a substantial or seriously disputed
27  question of law will preclude a district court from granting a motion to strike." Mohegan Tribe v.
28  Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982). Nevertheless, a motion to strike "is

appropriately granted where the defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law." <u>United States v. 729.773 Acres of Land</u>, 531 F. Supp. 967, 971 (D. Haw. 1982) (citations omitted). A motion to strike under Rule 12(f) is committed to the discretion of the court. See <u>Federal Sav. & Loan Ins. Corp. v. Gemini Management</u>, 921 F.2d 241, 244 (9th Cir. 1990).

  First, Plaintiff states that this court's Order granting in part and denying in part Defendants' motions to dismiss precludes Defendants from asserting the defense of failure to state a claim. Doc. 44, Motion to Strike City Answer, at 7:9-16; Doc. 47, Motion to Strike Mora Answer, at 7:14-22. Both Defendant Mora and City Defendants raise the affirmative defense that Plaintiff's assertions do not state a cause of action. Doc. 41, Mora Answer, at 2:11-13; Doc. 40, at 2:18-19. When a defendant raises failure to state a claim as an affirmative defense, such a defense "brings up for consideration the question of whether or not the complaint, on its face, sets forth a cause of action." <u>Marcus v. Hinck</u>, 28 F. Supp. 945, 946 (S.D.N.Y. 1939). In resolving the prior motions to dismiss under Rule 12(b)(6), the court has already dealt with this issue. Defendant Mora does not oppose the elimination of this affirmative defense (number 2). Doc. 54, Mora Opposition, at 3:25-27. City Defendants' affirmative defense (paragraph 5) on this matter is stricken. City Defendants claim "that discovery had not yet produced all of the facts upon which a failure to state a claim defense applies." Doc. 51, City Opposition, at 6:15-16. Here, City Defendants have mistaken the nature of a failure to state a claim defense, which only looks at a plaintiff's allegations on their face without regard to facts established through discovery.

  City Defendants also argue that Rule 12(h)(2) implies the preservation of this defense even after it has been raised in a motion to dismiss. Doc. 51, City Opposition, at 6:22-28. The rule states "A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. Proc. 12(h)(2). The proper interpretation of Rule 12(h)(2) is that "a defendant waives all defenses and objections

which he does not present either by motion or in his answer except that the defense of failure to state a claim upon which relief may be granted may also be made by a later pleading if one is permitted or by motion for judgment on the pleadings or at the trial on the merits." Black, Sivalls & Bryson, Inc. v. Shondell, 174 F.2d 587, 590 (8th Cir. 1949). The defense that a complaint fails to state a claim on its face is not waived even if it is omitted from the first responsive pleading to that complaint; it is preserved through trial. However, once a court has ruled, Rule 12(h)(2) does not revive the issue. Striking these affirmative defenses does not prejudice Defendants in any way on motions for summary judgment or at trial. The affirmative defense stricken is simply the argument that Plaintiff's operative complaint fails to state a claim on its face; Defendants are free to develop facts to attack the sufficiency of Plaintiff's legal case in further proceedings. The court notes that in the motions to dismiss, Plaintiff's fifth and sixth claims were not addressed. See Doc. 26. Defendants are free to challenge those claims for failure to state a claim in accordance with Rule 12(h)(2).

Second, Plaintiff asserts that the California Supreme Court's decision in People v. Willis must be applied in this case to collaterally estop Defendants from asserting qualified immunity and consent. Doc. 44, Motion to Strike City Answer, at 10:11-12:21; Doc. 47, Motion to Strike Mora Answer, at 9:14-11:23 and 12:7-9. Whether the state court decision, which resolved criminal matters between the State of California and Plaintiff, can be used to collaterally estop Defendants, who are individual police officers and a municipality, is a complex and uncertain proposition. The issue is a highly disputed issue of law; a motion to strike is not the proper means to resolve this point. Defendant Mora's affirmative defenses 5, 6, 7, 8, 9, and 20 are not stricken. City Defendants' affirmative defense contained in paragraph 16 is not stricken.

Third, Plaintiff attacks Defendants' statute of limitations defenses. Doc. 41, Mora Answer, at 4:17; Doc. 44, Motion to Strike City Answer, at 9:24-10:4. Defendants raised the issue of statute of limitations in the motions to dismiss. This court determined that Plaintiff's claims are not time barred. Doc. 26, Order, at 9:11. The facts relevant to the statute of limitations analysis in this case are clear cut and uncontested. Defendant Mora has stated that she has no objection to the elimination of the statute of limitations affirmative defense (number

17). Doc. 54, Mora Opposition at 3:25-27. City Defendants' statute of limitations defenses (paragraphs 11 and 12) are also stricken.

Fourth, Plaintiff seeks to strike Defendants' affirmative defenses that are solely applicable to state law and negligence claims. Doc. 44, Motion to Strike City Answer, at ; Doc. 47, Motion to Strike Mora Answer, at 7: 4 and 9:6. "Conduct by persons acting under color of state law which is wrongful under 42 U. S. C. § 1983 or § 1985 (3) cannot be immunized by state law." Martinez v. California, 444 U.S. 277, 284 (1980). Negligence, in and of itself, is not a basis for a Section 1983 suit; a plaintiff must show a violation of a constitutional or legal right. See Daniels v. Williams, 474 U.S. 327, 330 (1986) ("in any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim"). Whether the conduct that gave rise to the violation may be characterized as "negligent" is immaterial for Section 1983 purposes. Therefore, defenses to negligence in tort are insufficient as a matter of law to Section 1983 suits.

Defendant Mora has stated that she has no objection to the elimination of affirmative defenses 1, 10, 16, 18, and 19 in light of Plaintiff's representations. Doc. 54, Mora Opposition at 3:25-27. Plaintiff has stated that "there are no state law claims" and "no negligence counts are contained in the complaint." Doc. 47, Motion to Strike Mora Answer, at 7: 4 and 9:6. Based on these representations, the court will strike those defenses. As a consequence, Plaintiff is estopped from raising state law or negligence claims in this action. In addition, there are two related affirmative defenses Defendant Mora does not concede. Affirmative defense 3 states that any recovery based on common law tort should be reduced in proportion to the fault attributed to other parties. Doc. 41, Mora Answer, at 2:19-20. Because the defense relates solely to negligence and state law claims, it is stricken. Plaintiff also argues that affirmative defense 14 (Cal. Gov't Code §985 mandating the setoff of any judgment by collateral source payments) must be stricken as it is a state law defense that is invalid in a Section 1983 suit. Doc. 47, Motion to Strike Mora Answer, at 7:3-5. However, the court notes that in at least one instance, Cal. Gov't Code §985(b) has been applied in a Section 1983 suit adjudicated in California. See Oberfelder v. Bertoli, 67 Fed. Appx. 408 (9th Cir. 2003) (unpublished). As Plaintiff has not provided any

1  case law directly on point and the law appears to be less than clear cut, the request to strike the
2  defense is denied.
3     Plaintiff has similarly made representations disclaiming negligence and state law claims
4  with regard to the City Defendants. Doc. 44, Motion to Strike City Answer, at 9:6 and 9:19-20.
5  City Defendants do not concede their affirmative defenses.  A review of the answer shows that
6  the affirmative defenses in paragraphs 6, 8, 9, 10, 13, and 14 are defenses solely to negligence
7  and state law claims.  They are properly stricken as such defenses are legally insufficient.
8  Plaintiff also seeks to have the defense in paragraph 15 (allegations that Plaintiff failed to
9  mitigate damages) stricken.  In Section 1983 cases, evidence of mitigation is relevant for
10 determining damages. See Board of County Commissioners v. Umbehr, 518 U.S. 668, 685
11 (1996).  Plaintiff has stated that though he seeks these defenses to be stricken, he does not
12 content that "defendants may not contest the damages amount that will be sought." Doc. 44,
13 Motion to Strike City Answer, at 10:9-10.  The court understands that all Defendants may present
14 defenses to the amount of damages that are due in the event Plaintiff succeeds in establishing
15 liability.
16    All other requests to strike are insufficiently detailed and inadequately briefed.  As they
17 may involve substantially disputed issues of law, the requests to have them stricken must be
18 denied.

### III. Conclusion

1. Plaintiff's motion to strike Defendant Mora's answer in its entirety is DENIED.

2. Plaintiff's motion to strike City Defendant's answer in its entirety is DENIED.

3. Plaintiff's motion to strike Defendant Mora's affirmative defenses numbered 1, 2, 3, 10, 16, 17, 18, 19 is GRANTED.

4. Plaintiff's motion to strike City Defendants' affirmative defenses in paragraphs 5, 6, 8, 9, 10, 11, 12, 13, and 14 is GRANTED.

IT IS SO ORDERED.

**Dated:   August 2, 2005**              /s/ Anthony W. Ishii

0m8i78                              UNITED STATES DISTRICT JUDGE