# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH MULLINS, et al.,<br><br>    Defendant.<br>_____/ | CASE NO. CV-F-04-6542 AWI LJO<br><br>**ORDER ON DEFENDANT'S REQUEST FOR CLARIFICATION** |

The Court has received and reviewed defendant City of Bakersfield's request for clarification of this Court's order on the motion for protective order. (Doc. 102.) On February 8, 2006, this Court granted in part and denied in part the City's motion for a protective order for its F.R.Civ.P. 30(b)(6) deposition. The City seeks clarification of whether area of inquiry 2 of the Rule 30(b)(6) deposition notice may be inquired into at the deposition. Area of inquiry 2 deals with the knowledge of the "subject incident."

In plaintiff's opposition to the City's motion for protective order, he stated he was not seeking to inquire of this area. In his opposition, plaintiff stated:

> "Plaintiff regrets he did not have in mind or read Judge Ishii's April 15, 2005 order before he served his notice of deposition. Had he read that order, he would have limited the topics to be covered in the Rule 30(b)(6) City deposition to those that remain in this action as viable bases for plaintiff's Monell claim, and in light of that order, <u>plaintiff of course must and will limit the deposition topics to those that survive the April 15 order. Thus, the deposition properly may be limited to evidence of punitive damages issues</u>." (Doc. 98, Opposition p.2:6-13) (Emphasis added.)

In the opposition, plaintiff concluded his argument by stating:

1

> [P]laintiff should be able to depose defendant City as to any and all matters with respect to which the City paid out, indemnified, or bonded on appeal any punitive damages for any Bakersfield police officers, and that would include, potentially, any matters described in <u>the notice of deposition as items nos. 6, and nos. 1, 3, 4, and 5</u>, if there have been payouts as a result of punitive damages." (Doc. 98. Opposition p. 5:26-6:2) (Emphasis added.)

Thus, plaintiff's opposition stated that only punitive damages were at issue, and that only categories 1, 3, 4, 5, and 6 were at issue. Plaintiff thus acknowledged that the remaining areas of inquiry, including area no. 2 ("the subject incident") and subject areas 7, and 8 of the deposition notice were not relevant.

In this Court's order on the motion for protective order, the Court acknowledged plaintiff's acquiescence and stated, "Plaintiff argues, that in light of Judge Ishii ruling, the areas of inquiry at issue are 1, 3, 4, 5, 6." The Court then ruled as to each area of inquiry for which plaintiff claimed he was entitled to inquire at the deposition.

Accordingly, the Court DENIES the request for clarification.

Defendant is reminded of its obligation to meet and confer before bringing matters to the attention of the Court.

IT IS SO ORDERED.

**Dated:   February 13, 2006**            **/s/ Lawrence J. O'Neill**
b9ed48                                    UNITED STATES MAGISTRATE JUDGE