UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY WILLIS, | ) | CIV-F-04-6542 AWI LJO |
| | ) | |
| Plaintiff, | ) | ORDER RE: INTERLOCUTORY APPELLATE CERTIFICATION |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH MULLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Gary Willis has made a motion for interlocutory appellate certification pursuant to 28 U.S.C. § 1292(b). Doc. 86. Defendant Diane Mora has filed an opposition (Doc. 87) while the Defendants associated with the City of Bakersfield have joined in that opposition (Doc. 89). No oral argument was held, and the matter was taken under submission. Doc. 101.

**I. History**

Gary Willis ("Plaintiff") was a registered occupant of room 221 at the E-Z 8 Motel on March 27, 1996. Police received reports of heavy traffic from that room. A Kern County Narcotics Enforcement Team consisting of four members (Bakersfield Police Officer Joseph Mullins; Bakersfield Police Officer Silvius; Kern County Deputy Sheriff Hood; and California State Parole Officer Diane Mora) investigated. Defendant Mullins told Defendant Mora that Plaintiff was on parole subject to search condition; Defendant Mora arranged for the team of officers to search the motel room. After announcing their presence and entering room 221, the

officers found Plaintiff and Kathleen Moye with a knife, a syringe, and a briefcase.  The officers announced the commencement of a parole search.  Plaintiff informed Defendant Mullins he was no longer on parole.  The officers halted the search while Defendant Mora sought telephone confirmation of Plaintiff's parole status.  While the call was taking place, Defendant Silvius talked with Kathleen Moye who admitted that there was a "speed pipe" in the briefcase and that she had recently used methamphetamine.  At this point, the officers searched the room.  Based on evidence collected from the search, Plaintiff was ultimately convicted of possession of methamphetamine for sale (Cal. Health & Safety Code § 11378) and possession of narcotics paraphernalia (Cal. Health & Safety Code § 11364).  He ultimately served over six years in state prison.

Plaintiff made a motion to suppress evidence before the trial court which was denied.  On appeal, the Fifth District Court of Appeal found the entry constitutionally invalid and the good faith exception to exclusion inapplicable, but nonetheless affirmed the denial of suppression based on the finding that the officers had sufficient probable cause based on Kathleen Moye's statements.  The Fifth District's rationale was that the "freeze" in search was a reasonable response to the uncertainty concerning Plaintiff's parole status. People v. Willis, 71 Cal. App. 4th 530, 541 (Cal. Ct. App. 2002).  On appeal, the attorney general conceded the Fifth District's rationale for denying the motion to suppress was erroneous. People v. Willis, 28 Cal. 4th 22, 25 (Cal. 2002).  The California Supreme Court overturned Plaintiff's conviction on June 3, 2002, finding that evidence from the search must be suppressed as the good faith exception did not apply. People v. Willis, 28 Cal. 4th 22, 38 (Cal. 2002).  Plaintiff was released on August 31, 2002.  Plaintiff first filed this suit on May 3, 2004.

Plaintiff sued a number of Defendants (in their official and individual capacities) under nine causes of action.  After motions to dismiss were granted in part and denied in part, the only remaining Defendants were Mora, Mullins, Silvius, and the City of Bakersfield.  The Defendants fall into two groups, which are separately represented by counsel: those affiliated with the City of Bakersfield and Defendant Mora who is affiliated with the State of California.  Plaintiff filed a motion for summary adjudication on May 20, 2005. Doc. 45.  He sought to establish (1) the

unconstitutionality of the search and arrest; (2) the inapplicability of the qualified immunity affirmative defense; and (3) the unreasonableness of Defendants' behavior.  The motion was solely based on the California courts' determination that Plaintiff's Fourth Amendment rights were violated; Plaintiff sought the application of issue preclusion.  Defendants opposed the summary adjudication motion. Docs. 52 and 55.  The court requested additional briefing on the issue of privity in issue preclusion analysis (Doc. 65) which the parties provided (Docs. 69, 70, and 72).  By order of December 21, 2005, Plaintiff's motion for summary adjudication was denied on the basis that there was no privity between Defendants in this case and the criminal prosecution in People. v. Willis. Doc. 81.

Plaintiff has filed a motion for interlocutory appellate certification of the December 21, 2005 order pursuant to 28 U.S.C. § 1292(b). Doc. 86.  Defendant Mora has filed an opposition, but does not oppose the motion on the merits, arguing only that the motion is untimely. Doc. 87.  The Bakersfield Defendants joined in Defendant Mora's opposition. Doc. 89.  No oral argument was held in the matter; it was taken under submission. Doc. 101.

## II. Legal Standards

Title 28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The court cannot be compelled to certify an order or an issue under section 1292(b) and the court's refusal to certify an order under this statute is not appealable. See Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1338 (9th Cir. 1976); Oppenheimer v. Los Angeles County Flood Control Dist., 453 F.2d 895, 895 (9th Cir. 1972).  The Ninth Circuit has listed the requirements for certification as: (1) a controlling question of law; (2) substantial grounds for

difference of opinion; and (3) immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Overall, Congressional legislative history "indicates that [interlocutory appeal] was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

### III. Discussion

The parties' briefing focus on whether the request for certification is timely. As to the merits of the motion, Plaintiff only asserts that "immediate appeal addressing that issue may materially advance the ultimate determination of this action." Doc. 86, Motion, at 3:6-7.

What constitutes a controlling question of law is not absolutely clear. The issue need not be "dispositive of the lawsuit in order to be regarded as controlling" but it cannot be "collateral to the basic issues of [the] case." United States v. Woodbury, 263 F.2d 784, 787-88 (9th Cir. 1959). The Ninth Circuit has cited approvingly to the Third Circuit's finding that "at the very least, a controlling question of law must encompass 'every order which, if erroneous, would be reversible error on final appeal.'" In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982), citing Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3rd Cir. 1974). In this case, interlocutory appeal is sought on the issue of whether a state court's final decision in a criminal matter, finding that police officers undertook an unconstitutional search, estops those police officers (and the municipality for whom they work) from arguing that they acted lawfully and/or reasonably under the circumstances in a subsequent civil suit. The issue is a legal question and not factual in nature. If the order's conclusion is wrong, it would likely constitute reversible error. As such, the issue is controlling as defined in Katz.

As the December 21, 2005 order indicated, this is an issue of state law and there is no clear answer to privity in California jurisprudence. The Ninth Circuit has addressed this issue many years ago, but the standard under which that panel reached its conclusion is unclear. See Davis v. Eide, 439 F.2d 1077, 1078 (9th Cir. 1971). Other circuits have addressed this issue with

reference to various states' laws and have come to a general conclusion that privity does not exist in these circumstances. A clear statement by the Ninth Circuit on this issue has the potential to resolve this question for a number of cases in addition to the one at hand.

A reversal by the Ninth Circuit would greatly speed the resolution of this case as it would establish several key factual and legal findings. A large part of the case would be avoided as issue preclusion might establish liability, leaving only damages in question.

Plaintiff has not asked for a stay of the case in conjunction with his request for interlocutory appeal. The court declines to independently issue such a stay when the Ninth Circuit has not yet decided whether to entertain the interlocutory appeal.

The parties have both raised the issue of whether the motion for interlocutory appeal is timely. Plaintiff states that Section 1292(b) "requires that an application be made to the court of appeals within 10 days of entry of the order from which appeal is sought" and further represents that the December 21, 2005 order started the 10 day deadline. Doc. 86, Motion, at 3:12-16. Similarly, Defendant Mora implicitly accepts that Plaintiff had 10 days from the filing of the December 21, 2005 order to appeal to the Ninth Circuit. See Doc. 87, Opposition. As far as this court understands Section 1292(b), parties have ten days to appeal to the Ninth Circuit from the time the district court certifies an order for appeal. Where the certification for interlocutory appeal is included in the substantive order, the ten day limit does run from entry of that order. Where, as here, the substantive order does not include a certification for interlocutory appeal, the ten day limit does not start to run on the date of that substantive order's entry. The ten day limit only starts to run when (and if) the district court enters a separate order certifying the substantive order as appropriate for interlocutory appeal. Regardless, this is an issue that the Ninth Circuit will determine, and not for the district court to decide.

///
///
///
///

**IV. Conclusion**

Plaintiff's motion is GRANTED. The December 21, 2005 order is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).


IT IS SO ORDERED.

**Dated:**   **February 24, 2006**          **/s/ Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE