IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS, | CASE NO. CV-F-04-6542 AWI LJO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER RE PLACE OF DEPOSITION** |
| vs. | |
| JOSEPH MULLINS, et al., | |
| Defendant. / | |

In this 42 U.S.C. § 1983 action alleging unlawful search and arrest, plaintiff Gary Willis seeks a protective order for the location of his noticed deposition. The parties filed various papers and a joint statement re discovery disagreement pursuant to Local Rule 37-251 on March 28, 2006. This matter is submitted on the pleadings without oral argument. Having considered the moving and opposition papers and the joint statement, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Gary Willis proceeds on his first amended complaint alleging that Officer Mullins falsely told defendant California Parole Officer Diane Mora that Mr. Willis was on parole and that Officer Mora arranged for several officers, including Officers Mullins and Silvius, to search a motel room which Mr. Willis occupied on March 27, 1996. Based on evidence collected from the search, Mr. Willis was convicted of a felony and was incarcerated more than six years before his conviction was overturned. Mr. Willis' first amended complaint alleges Officers Mullins and Silvius unlawfully entered

1

Mr. Willis' motel room, unlawfully arrested Mr. Willis and searched him and his property, and falsely charged him with crimes.

Defendant City of Bakersfield noticed the deposition of plaintiff for April 26, 2006 in Fresno.

### **ANALYSIS & DISCUSSION**

**A.    Protective Orders**

Under F.R.Civ.P. 26( c), this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

1.   Prohibiting disclosure or discovery;
2.   Conditioning disclosure or discovery on specified terms, "including a designation of the time or the place";
3.   Permitting discovery be had by a method other than selected by the party seeking discovery; or
4.   Limiting the scope of disclosure or discovery to certain matters.

To enforce the limit on discovery, a parties may seek a protective order under Fed.R.Civ.P.26( c) or the court may act upon its own initiative.

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance. F.R.Civ.P. 26( c); *Jepson, Inc. v. Makita Elec. Works, Ltd,* 30 F.3d 854, 858 (7th Cir. 1994). Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to take a deposition. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." F.R.Civ.P. 26( c).

**B.    Place Of Depositions**

Generally, noticing parties have discretion where to set depositions. "Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location." *Philadelphia Indemnity Ins. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003) (citing several cases); *see Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. N.C. 1988) (generally, the deposition of a party or its officers may

be noticed wherever the deposing party designates, subject to a court's power to grant a protective order).

"The Court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." *Generale Bank Nederland N.V. v. First Sterling Bank*, No. Civ. A. 07-2273, 1997 WL 778861, at 2 (E.D. Pa. 1997). "The Court is permitted to exercise a broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses." *Turner*, 119 F.R.D. at 383.

Factors which a court may consider include:

1. The parties' convenience and relative hardships to attend the designated location;
2. Cost of transportation and lost work to defendant;
3. Expense and inconvenience to move voluminous documents;
4. Whether the parties' counsel are located in the forum district;
5. Whether the defendant is a large corporation whose employees often travel;
6. Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and
7. Whether the parties' claims and parties' relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district.

*Turner*, 119 F.R.D. at 383 (citing several cases); *Wisconsin Real Estate Inv. Trust v. Weinstein*, 530 F.Supp. 1249, 1254 (E.D. Wis. 1982).

In making its order, the court considers convenience of the parties and relative hardships in attending at the location designated. Only "*undue* burden or expense" provides a potential basis for relief from legitimate discovery demands. *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D.Cal.2001). "Undue" burden requires parties to show more than expense or difficulty. *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 628, citing *Dart Indus. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir.1980). A district court has wide discretion to establish the time and place of depositions. See *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir. 1994) (Hong Kong plaintiffs who had filed suit in Calif. ordered to appear for depositions in Calif. after having disregarded prior order to appear in Hong Kong.) In *Hyde & Drath v. Baker*, the court found no abuse of discretion in

ordering the depositions in California, on facts that the corporation does business in California, and filed suit in California.

Here, plaintiff presents evidence that he is financially unable to travel to Fresno for his deposition. However, the expense to plaintiff has been minimized by the offer to pay up to $1,000 for travel and lodging. There is no showing that a payment of up to $1,000 will not cover all of the related travel expense.

Next, plaintiff argues the deposition should be by video conference. The party opposing a telephonic deposition to make a particularized showing why converting the depositions to telephonic would be prejudicial to its case. *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. at 629. In *U.S. v. $160,066.98*, the court refused to order a telephonic deposition for deponents in Pakistan. The underlying facts involved fraud and the deposition required authentication of documents and a handwriting exemplar. A telephonic deposition would preclude these components. In addition, "[c]ounsel would be further disadvantaged without the opportunity to see the witness and to evaluate the witness' demeanor, facial reactions and expressions." *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. at 629.

Defendants have presented some evidence that upon inquiry of their reporting service, the service is unable to arrange a video conferencing deposition in Kingman, AZ., and were it to find the means of doing so, the costs would be substantial. (Exh. A to Joint Statement.) Defendants argue that they are unwilling to assume the logistical and technical risk of video conferencing. Further, defendants argue that documents will have to be reviewed and documents have been requested for production at the deposition. Plaintiff does not argue how the issue of documents may be adequately addressed in video conferencing.

Plaintiff's main argument is that he is required to register as a sex offender in California, fears arrest and fears police in California.

Here, plaintiff has chosen California as the forum to address his claims. The proper venue for resolution of his claims is Fresno, California. Plaintiff has chosen to secure the benefits of a California forum, yet seeks to disregard personal obligations of proceeding here. The obligation of complying with California law is not good cause for issuance of a protective order.

In light of the following: (1) defendant's willingness to pay the travel expenses of up to $1,000, (2) the economic difference in requiring defense counsel to travel to Arizona, (3) the unreasonable restraints on the defendants for the Court to require video conferencing, especially concerning the review and use of documents, and (4) the concern of penal code registration requirements having nothing to do with the opposing defendants, plaintiff has failed to show good cause. Even if good cause had been shown, defendants have shown that, on balance, the discovery should be permitted in Fresno, California. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 623 (10th Cir. 1982) ("we are concerned with the burden imposed upon the responding party if a protective order is not granted as compared with the burden imposed upon the requesting party if a protective order imposing conditions is granted.")

## CONCLUSION

For the forgoing reasons, plaintiff's motion for a protective order as to the place of his deposition is DENIED.

IT IS SO ORDERED.

**Dated:     April 3, 2006**                     **/s/ Lawrence J. O'Neill**
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE