UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY WILLIS, | ) | CIV-F-04-6542 AWI LJO |
| | ) | |
| Plaintiff, | ) | ORDER RE: PLAINTIFF'S |
| | ) | RESPONSE TO COURT ORDER |
| v. | ) | AND REQUEST TO MODIFY |
| | ) | ORDER |
| JOSEPH MULLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 5, 2005, this court issued an order granting in part and denying in part Plaintiff's motion to strike the Defendants' answers. Doc. 74. On August 6, 2005, Plaintiff filed what is termed "Plaintiff's Response to Court's August 2, 2005 Order On Plaintiff's Motions To Strike; Request To Modify Order." Doc. 75. In the filing, Plaintiff's attorney, Mr. Yagman makes three points: 1) this court should not have referred to an unpublished Ninth Circuit opinion in the order; 2) Mr. Yagman renews his argument that the court does not have jurisdiction to entertain Defendants' motions because of improper proof of service; and 3) the court does not have the authority to force Mr. Yagman to accept electronic receipt of documents. Defendants have not made any filings in response to Plaintiff's letter.

**I. Discussion**

**A. Citation to Unpublished Ninth Circuit Case**

Mr. Yagman correctly notes that the August 5, 2005 order refers to an unpublished case.

1

Defendants' affirmative defenses included Cal. Gov't Code §985 which mandates using collateral source payments to the setoff any judgment against public entities. Plaintiff sought to have the affirmative defense stricken on the grounds that state law defense are ineffective against Section 1983 claims. While the inapplicability of state law defenses is clear regarding liability, the law is not at all clear regarding damages. Defendants made the distinction. Doc. 51, Opposition to Motion, at 10:21-27. Plaintiff failed to make this distinction and only provided general argument regarding state law defenses. See Doc. 47, Motion to Strike, at 7:3-14. The standard for granting a motion to strike affirmative defenses is high and the burden is on the party seeking the motion. "The presence of a substantial or seriously disputed question of law will preclude a district court from granting a motion to strike." Mohegan Tribe. v. Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982). Given the inadequate briefing provided by Plaintiff, the court stated quite clearly that "all Defendants may present defenses to the amount of damages that are due in the event Plaintiff succeeds in establishing liability." Doc. 74, Order, at 9:13-15.

Regarding Cal. Gov't Code §985, the court noted that the Ninth Circuit, in an unpublished opinion, in fact applied that provision in a Section 1983 suit. See Oberfelder v. Bertoli, 67 Fed. Appx. 408 (9th Cir. 2003). Ninth Circuit Rule 36-3 provides that "Unpublished dispositions and orders of this Court are not binding precedent....Unpublished dispositions and orders of this Court may not be cited to or by the courts of this circuit." The court did not rely on the unpublished case in any way in making its decision. The applicability of Cal. Gov't Code §985 may well be raised again, so the court provided the reference to the parties in order to help them in their further research on the subject. Nevertheless, the Ninth Circuit appears to have a bright line rule forbidding any mention of an unpublished opinion. The reference to Oberfelder v. Bertoli, 67 Fed. Appx. 408 (9th Cir. 2003) in the previous order is stricken from the record.

**B. Proof of Service**

Mr. Yagman again raises the argument that Defendants' means of serving him with documents is insufficient. Mr. Yagman initially made the argument in motions to strike

Defendants' answers.[1] Mr. Yagman objected to Defendants' proofs of service as the individuals who provided certificates of service stated that the answers were placed in internal office mail systems rather than the United States mail. Doc. 40, Answer, at 5; Doc. 41, Answer, at 6. The court rejected Mr. Yagman's argument in the August 5, 2005 order. Doc. 74, Order, at 4:7-5:6. In considering Mr. Yagman's renewed argument, the court will again explain in detail the basis for the court's ruling.

In his initial motion to strike Mr. Yagman says:

> Jurisdiction is a threshold issue that must be addressed before any federal court may take any substantive action in a case. Here, there is no jurisdiction of the answer, and therefore, the court may not take any substantive action with respect to and must strike the answer.
> This is so because *there is no proper proof of service*, and thus no admissible evidence the answer was served.
> Proper service may be established only by a person who herself made service either by personal delivery or by *actually mailing in the United States mail* that which is purported to be served.
> Here there was no *actual mailing in the United States mail* but instead there was a valid state, but not federal, proof of service, service not even by dropping in an office out box. Such service is not proper under federal practice, and a federal court has no jurisdiction to hear a matter when there has not been proper service.

Doc. 44, Motion to Strike Answer, at 3:17-4:2 (emphasis in original). Though Mr. Yagman claimed that there was no actual mailing through the United States mail, he provided no proof of that fact nor explained how he was in possession of the supposedly never mailed documents. Defendants affirmed that their answers were addressed to Mr. Yagman's office and made their way into the United States Postal Service system via office mail procedures. Doc. 54, Response to Motion to Strike, at 3:4-8; Doc. 51, Part 2, Mora Declaration, at 2:6-10. Rule 5(b)(2)(B) states "Mailing a copy to the last known address of the person served. Service by mail is complete on mailing." How the documents were handled prior to deposit with the United States Postal Service is irrelevant for determining the effectiveness of service.

In the motion to strike, Mr. Yagman appeared to argue that providing the court insufficient proof of service works to defeat service itself. He said "The instant motion was not

---

[1] Plaintiff made two separate motions to strike the answers of Defendants who are separately represented by two attorneys. For the purposes of this order, distinguishing between the two motions is unnecessary.

properly served, in violation of Rule 5(b)(2)(B) (which governs service by mailing), because no person certifies that she or he *actually made service*, and the purported certificate of service is inadequate because it was not made by declaration of any person actually accomplishing the service." Doc. 44, Motion to Strike Answer, at 4:22-26 (emphasis in original).  As the previous order made clear, that is an incorrect statement of law.  Service is effective when it satisfies Rule 5(b); proof of service, which is separately addressed in Rule 5(d), is not a required element of effective service.  As the court has said, insufficient proof of service under Rule 5(d) is largely irrelevant when service was completed in accord with Rule 5(b).  In his latest filing, Mr. Yagman appears to have admitted the validity of this conclusion:

> when any paper in a federal proceeding is not served in compliance with Rule 5(b)(2), then the court has not jurisdiction with respect to any such paper, and the paper that has been received has no bearing at all on the jurisdiction issue. The proof of service serves only to inform the court and the parties of the manner in which service was made, and the proof of service does not affect jurisdiction except when it evidences inadequate service.

Doc. 75, Plaintiff's Response, at 2:18-22.

However, he persists in making his objections.  As of yet, Mr. Yagman has not been able to show how Rule 5(b) was violated.  From all accounts, the answers which Mr. Yagman sought to have stricken were actually mailed through the United States Postal Service in compliance with Rule 5(b).  Mr. Yagman's continuing filings on this matter are vexatious and are unnecessarily increasing the cost of litigation.

**C. Electronic Receipt of Documents**

When a party makes multiple filings attempting to relitigate an issue the court has already made a definitive ruling in, sanctions are warranted.  In one case, the Eastern District of New York denied defendant's motion to dismiss and imposed sanctions when defendant filed a "Resubmitted Motion to Dismiss, or in the Alternative, for Summary Judgment" based on the same arguments the court had previously rejected. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1249 (2nd Cir. 1992).  The Second Circuit found that even though the decision on the motion to dismiss was substantively wrong, "the district court did not abuse its discretion in finding that [defendant] violated Fed. R. Civ. P. 11 by filing a repetitive motion."

1  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1247 (2nd Cir. 1992).
2  Similarly, the Seventh Circuit found sanctions under Rule 11 justified when an attorney directly
3  violated a trial court's order by filing an amended complaint which included claims which had
4  already been dismissed for failure to state a claim. Serritella v. Markum, 119 F.3d 506, 507-08
5  (7th Cir. 1997).
6       Mr. Yagman states "Rule 5(b)(2)(D) permits service by means other than mail or personal
7  delivery only when 'consented to in writing by the person served.' Thus, a court has no power to
8  impose on counsel that counsel accept service by electronic means." Doc. 75, Plaintiff's
9  Response, at 1:27-2:2.  Rule 11 addresses the problems of "frivolous filings and abuse of judicial
10 procedures as a tool for harassment." Stewart v. American Intel Oil & Gas Co., 845 F.2d 196,
11 201 (9th Cir. 1988).  Under Rule 11(c)(2), the court can (after allowing counsel a proper
12 opportunity to be heard) impose a litigation sanction which "may consist of, or include, directives
13 of a nonmonetary nature."  Sanctions must be "limited to what is sufficient to deter repetition of
14 such conduct or comparable conduct by others similarly situated." Fed. R. Civ. Proc. 11(c)(2).
15 Thus, under certain circumstances, compelling an attorney to accept electronic receipt of
16 documents may be a well-tailored sanction.  However, the court recognizes Mr. Yagman's
17 position regarding proper service and his desire to preserve this argument for possible appeal.
18 The court reiterates that sanctions are not warranted at this juncture.

## II. Conclusion

21      Plaintiff's request to strike reference to Oberfelder v. Bertoli, 67 Fed. Appx. 408 (9th Cir.
22 2003) in the court's Order of August 5, 2005 (Doc. 74) is GRANTED.
23      All other requests are DENIED.

25 IT IS SO ORDERED.
26 **Dated:**  **September 26, 2006**       /s/ **Anthony W. Ishii**
   0m8i78                                  UNITED STATES DISTRICT JUDGE