# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSEPH MULLINS et al.,<br><br>        Defendants, | CIV-F-04-6542 AWI LJO<br><br>ORDER RE: PLAINTIFF'S MOTION TO REINSTATE RICO CLAIMS AND FOR JUDGMENT ON THE PLEADINGS<br><br>(Docs. 99 and 107) |

Plaintiff has made a motion (1) to reinstate his civil RICO claim and (2) for judgment on the pleadings and to strike Defendants' qualified immunity affirmative defenses. Defendants oppose these requests.

## I. History

This motion asks the court to revisit the Order of April 18, 2005, granting in part and denying in part Defendants' motions to dismiss. Specifically, the April 18, 2005 Order concluded that Plaintiff did not have standing to sue for an alleged violation of the Racketeering-Influenced and Corrupt Organizations Act since he did not have an injury to a business or property as required by 18 U.S.C. §1964(c) that could give rise to recovery. Doc. 33, Order, at 17:12-20:24. The seventh and eighth counts of Plaintiff's first amended complaint (the

operative complaint) were dismissed as a result.

On February 3, 2006, Plaintiff filed this current motion to reinstate his civil RICO claims and to strike Defendants' qualified immunity affirmative defenses as to all claims based on new Ninth Circuit precedent. Doc. 99.  On February 17, 2006, Defendant Mora filed an opposition which makes some mixed representations.  On the one hand,"Defendant Mora does not oppose reinstatement of the civil RICO claims based on Diaz, but moves to dismiss on the ground that she is entitled to qualified immunity under Diaz because the law regarding these claims was not clearly established at the time of the March 27, 1996, search and seizure." Doc. 105, Mora Opposition, at 2:8-11.  Later, she states, "Assuming for the sake of argument that plaintiff has alleged loss of employment and employment opportunities to satisfy the 'standing' requirement, he has still failed to state a civil RICO claim. To state such a claim, plaintiff must allege sufficient facts..." Doc. 105, Mora Opposition, at 3:20-22.  Given these varying statements, the court understands Defendant Mora to oppose reinstatement of the civil RICO claims, arguing that the amended complaint fails to sufficiently plead facts upon which the claim can be recognized and to oppose Plaintiff's motion to strike the affirmative defense of qualified immunity.  On February 17, 2006, Bakersfield Defendants filed an opposition, asserting that Plaintiff failed to state a claim for civil RICO which legal recovery is proper and opposing Plaintiff's motion to strike qualified immunity. Doc. 106.

Plaintiffs filed replies to the oppositions. Docs. 107 and 108.  The matter was taken under submission. Doc. 112.

## II. Legal Standards

**A. Motion on the Pleadings**

A Federal Rules of Civil Procedure 12(c) motion challenges the legal sufficiency of the opposing party's pleadings after the pleadings are closed.  "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999), citing Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998).  The court must assume the truthfulness of the

material facts alleged in the complaint.  All inferences reasonably drawn from these facts must be construed in favor of the responding party. See Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993), citing NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986) and Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).  In general, "Judgment on the pleadings is proper when there are no [disputed] issues of material fact, and the moving party is entitled to judgment as a matter of law." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

**B. Motion to Strike**

Motions to strike material from an answer are for the purpose of eliminating "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  When dealing with an insufficient defense, courts are "slow to grant motions to dismiss affirmative defenses. A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits." Purex Corp. v. General Foods Corp., 318 F. Supp. 322, 323 (C.D. Cal. 1970).  "The presence of a substantial or seriously disputed question of law will preclude a district court from granting a motion to strike." Mohegan Tribe v. Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982).  Nevertheless, a motion to strike "is appropriately granted where the defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law." United States v. 729.773 Acres of Land, 531 F. Supp. 967, 971 (D. Haw. 1982), citations omitted.  A motion to strike under Rule 12(f) is committed to the discretion of the court. See Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244 (9th Cir. 1990).

### III. Discussion
**A. RICO Claims**

Plaintiff asserts that the recent Ninth Circuit en banc opinion in Diaz v. Gates, 420 F.3d 897, 898 (9th Cir. August 16, 2005), requires the court to reinstate his RICO claims dismissed in

1  the April 18, 2005 Order.  The parties dispute what is before the court on the motion.  The
2  Defendants argue that any RICO claims must be dismissed as the "plaintiff's complaint is devoid
3  of any factual allegations that would otherwise constitute 'racketeering activity' as defined in 18
4  U.S.C. § 1961(1)." Doc. 106, Bakersfield Opposition, at 3:6-8; see Doc.105, Mora Opposition, at
5  3:20-4:7.  Plaintiff points out that "defendants argue for dismissal of a claim that presently is not
6  present in this action and that is inappropriate.  Their recitation of authorities and setting forth
7  authority to support dismissal should be unavailing as the motion before the court is one for
8  reinstatement of the RICO claim and not for dismissal of that claim.  This court addressed only
9  the RICO standing issue and that now is all that is before the court." Doc. 108, Plaintiff's Reply,
10 at 2:16-21.  As the original order dealt solely with standing in regards to RICO, the court will
11 now address that issue only, saving any review under Fed. R. Civ. Proc. 12(b)(6) for a later date
12 after the parties have provided fuller briefing.
13         On the standing issue, the new Ninth Circuit precedent is clear.  In the complaint at issue,
14 the plaintiff alleged "among other forms of injury, [he] lost employment, employment
15 opportunities, and the wages and other compensation associated with said business, employment
16 and opportunities, in that [he] was rendered unable to pursue gainful employment while
17 defending himself against unjust charges and while unjustly incarcerated." Diaz v. Gates, 420
18 F.3d 897, 898 (9th Cir. 2005).  The Ninth Circuit found "The harms he alleges amount to
19 intentional interference with contract and interference with prospective business relations, both
20 of which are established torts under California law....California law protects the legal entitlement
21 to both current and prospective contractual relations." Diaz v. Gates, 420 F.3d 897, 900 (9th Cir.
22 2005).  This "interference with his business relations" was sufficient to satisfy the "injured in his
23 business or property" requirement of Section 1964(c). Diaz v. Gates, 420 F.3d 897, 899 (9th Cir.
24 2005).
25         In the first amended complaint, Plaintiff alleges that he "lost actual employment, actual
26 employment opportunities, and the actual wages and other actual compensation associated with
27 said employment and opportunities, in that plaintiff and the class members were unable to
28 continue to obtain these monies and to pursue gainful employment while defending themselves

against unjust charges and/or while unjustly incarcerated." Transferred File, Doc. 14, at 13:28-14:6.  Based on the new case law, these harms are sufficient to confer standing on Plaintiff to sue under RICO.  Plaintiff's RICO claims (counts seven and eight) are reinstated against Defendant Mora and the Bakersfield Defendants in their individual capacities.  The original named defendants who were dismissed in the April 18, 2005 Order remain dismissed.  "'[G]overnment entities are incapable of forming [the] malicious intent' necessary to support a RICO action." Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996), quoting Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 404 (9th Cir. 1991).

**B. Qualified Immunity**

Plaintiff asserts, "In light of the Ninth Circuit's recent disposition in Motley v. Parks, 432 F.3d 1072 (9th Cir. 2005) (en banc), plaintiff contends that because defendants' alleged error as to the underlying search in the instant action had to do with not a mistake of law as to what the legal standard was with respect to parole searches, but instead had to do with a pure issue of fact, to wit, 'Was plaintiff in fact on parole at the time of the search?,' therefore, in the circumstances of this action, qualified immunity is not in issue." Doc. 99, Motion, at 3:8-14.  Motley states that, "a search conducted without consent or a search warrant is permissible only when the officers have some heightened knowledge that they are at the address where either the parolee or the subject of an arrest warrant resides." Motley v. Parks, 432 F.3d 1072, 1079 (9th Cir. 2005).  In Motley, though parolee did not live at the address searched, police defendants had probable cause to believe that was the case. Motley v. Parks, 432 F.3d 1072, 1082-83 (9th Cir. 2005).  Plaintiff does not convincingly argue how Motley mandates a finding that qualified immunity is not available to Defendants in this case.  Plaintiff argues that "here the legal standard of parole searches is not in issue because the plaintiff was not on parole, the defendants do not contend they were mistaken as to the legal standard for parole searches, but instead contend only that they made a pure mistake of fact as to plaintiff's parole status." Doc. 99, Motion, at 3:24-28.  Nowhere is the language of Motley exclusive, stating that the sorts of errors described in the case are the only errors involving parole searches for which qualified immunity applies.  Further,

Plaintiff cites to no case law distinguishing mistakes of law and mistakes of fact in the qualified immunity context.  Indeed, it could be argued that police defendants in Motley themselves made a factual error (believing parolee lived at address he did not) but were nevertheless entitled to qualified immunity.

Under well settled law, "it may be difficult for a police officer fully to appreciate how the legal constraints apply to the specific situation he or she faces. Under such a circumstance, 'if the officer's mistake as to what the law requires is reasonable,...the officer is entitled to the immunity defense.'" Motley v. Parks, 432 F.3d 1072, 1077 (9th Cir. 2005) citing Saucier v. Katz, 533 U.S. 194, 205 (2001).  Here, Defendants wrongly thought Plaintiff was on parole subject to a search condition.  Once they were informed by Plaintiff that he was no longer on parole, they contacted their home offices to determine his status.  At this point, Defendants may have made a mistake as to what the law requires in such circumstance.  Plaintiff has not sufficiently demonstrated that this sort of mistake can never be covered under qualified immunity.

**C. RICO Qualified Immunity**

The parties have raised the issue of qualified immunity as it applies to a RICO claim. Plaintiff says that he "knows of no controlling authority that qualified immunity is a defense to any type of claim other than a section 1983 claim." Doc. 108, Plaintiff's Reply, at 3:1-3.  Review of case law shows, the Ninth Circuit has found qualified immunity applicable as a defense against a Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) claim. Doe v. Attorney Gen. of United States, 941 F.2d 780, 799 (9th Cir. 1991).  In general, qualified immunity is a valid defense to RICO and many other federal claims. See Gonzalez v. Lee County Hous. Auth., 161 F.3d 1290, 1300 (11th Cir. 1998) ("this court and others have held that public officials are entitled to assert the defense of qualified immunity when sued under a federal statute other than section 1983," noting that other courts have applied the defense to claims arising under eight separate federal statutes, including RICO); Cullinan v. Abramson, 128 F.3d 301, 312 (6th Cir. 1997) (finding qualified immunity barred RICO claims against city officials).  Qualified immunity may be asserted in response to a RICO claim.

## IV. Order

1. Plaintiff's motion to reinstate RICO claims (counts seven and eight of the First Amended Complaint) is GRANTED as to the remaining Defendants in the case.

2. Defendants must comply with Fed. R. Civ. Proc. 12(a) and serve an answer to these reinstated claims within 20 days after being served with this Order.  Defendants may alternatively file motions under Fed. R. Civ. Proc. 12(b)(6).

3. Plaintiff's motion to strike Defendants' qualified immunity defenses is DENIED.

IT IS SO ORDERED.

**Dated:   September 28, 2006**              /s/ Anthony W. Ishii
0m8i78                                       UNITED STATES DISTRICT JUDGE