UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY WILLIS, | ) | CIV-F-04-6542 AWI WMW |
| Plaintiff, | ) ) | ORDER RE: MOTION TO SET ASIDE ENTRY OF DEFAULT |
| v. | ) ) | |
| JOSEPH MULLINS, et al., | ) ) | |
| Defendants. | ) ) | |

Defendant Bill Hood has made a motion to set aside the entry of default against him. Doc. 132, Part 1.  Plaintiff opposes the motion and seeks sanctions against Defendant for making a frivolous motion. Doc. 137.

**I. History**

Gary Willis ("Plaintiff") was a registered occupant of room 221 of the E-Z 8 Motel in Bakersfield, CA on March 27, 1996.  Police received reports of heavy traffic from that room and were informed it was registered under Plaintiff's name.  A Kern County Narcotics Enforcement Team consisting of four members (Bakersfield Police Officer Joseph Mullins; Bakersfield Police Officer Silvius; Kern County Deputy Sheriff Hood; and California State Parole Officer Diane Mora) were sent to investigate.  Defendant Mullins consulted a list of parolees generated by the California Department of Corrections and distributed to local police departments on a roughly monthly basis ("Parole Roster").  He presented the Parole Roster to Defendant Mora; she

1

confirmed the Parole Roster indicated that Plaintiff was on parole and subject to search. After announcing their presence and entering the motel room, the officers found two individuals, Plaintiff and Kathleen Moye, inside. Also visible were a knife, a syringe, and a briefcase. The officers announced the commencement of a parole search. Plaintiff informed Defendant Mullins he was no longer on parole and provided his parole discharge papers. Defendant Mora left to seek telephone confirmation of Plaintiff's parole status. In fact, Plaintiff had been discharged from parole nine months prior. While the call was taking place, Defendant Mullins detained Plaintiff outside the room while Defendants Silvius and Hood talked with Ms. Moye inside the room. Ms. Moye admitted to recently using methamphetamine, stated that she put a speed pipe in the briefcase, and consented to search of the briefcase. Defendant Mullins brought Plaintiff back into the room. Defendants Mullins, Silvius, and Hood opened the briefcase. Based on evidence found within, Plaintiff was ultimately convicted of possession of methamphetamine for sale (Cal. Health & Safety Code § 11378) and possession of narcotics paraphernalia (Cal. Health & Safety Code § 11364). He ultimately served over six years in state prison.

    Plaintiff made a motion to suppress evidence before the trial court which was denied. On appeal, the Fifth District found the entry constitutionally invalid and the good faith exception to the exclusionary rule inapplicable, but nonetheless affirmed the denial of suppression based on the finding that the officers had sufficient probable cause to search the briefcase based on Ms. Moye's statements to Defendant Silvius. The Fifth District's rationale was that the "freeze" in search was a reasonable response to the uncertainty concerning Plaintiff's parole status. People v. Willis, 71 Cal. App. 4th 530, 541 (Cal. Ct. App. 2002). On appeal, the attorney general conceded the Fifth District's rationale for denying the motion to suppress was erroneous. People v. Willis, 28 Cal. 4th 22, 25 (Cal. 2002). The California Supreme Court overturned Plaintiff's conviction on June 3, 2002, finding that evidence from the search must be suppressed as the good faith exception did not apply. People v. Willis, 28 Cal. 4th 22, 38 (Cal. 2002). Plaintiff was released on August 31, 2002. Plaintiff first filed this suit in the Central District of California on May 3, 2004. He filed his amended complaint (the operative complaint) on September 16, 2004. Transferred File, Doc. 14. The case was transferred to the Eastern District of California due to

improper venue.

The amended complaint contained nine causes of action: (1) monetary relief under 42 U.S.C. § 1983 for violation of Fourth and Fourteenth Amendment rights; (2) monetary relief under 42 U.S.C. § 1983 for conspiracy to commit count one; (3) monetary relief under 42 U.S.C. § 1983 for a policy, practice, procedure, and custom of committing Fourth and Fourteenth Amendment violations; (4) monetary relief under 42 U.S.C. § 1983 for the City's policy of indemnifying police officers in civil rights cases; (5) declaratory relief under 28 U.S.C. § 2201 finding that there is a custom, pattern and practice of Fourth and Fourteenth Amendment violations by police in California; (6) injunctive relief under 28 U.S.C. § 1651 preventing all Defendants from engaging in violations of the Fourth and Fourteenth Amendment; (7) monetary relief under RICO for loss of actual employment and employment opportunities; (8) monetary relief for conspiracy to commit count seven; and (9) monetary relief under Cal. Civ. Code § 52.1 for violation of Fourth and Fourteenth Amendment rights. See Transferred File, Doc. 14.

While the rest of the defendants in the case ("Co-Defendants") answered the complaint and have been defending this case, service on Defendant Hood was not effected at that same time. Plaintiff ultimately provided a declaration of service dated February 17, 2006. Doc. 113. There was no response from Defendant Hood. Plaintiff then requested that default be entered against Defendant Hood on September 4, 2006. Doc. 128. Defendant Hood then answered the complaint on September 12, 2006. Doc. 129. The district court's clerk's office then entered default on September 13, 2006. Doc. 130.

Defendant Hood then made the present motion to set aside the default. Doc. 132, Part 1. Plaintiff opposed the motion and requested sanctions against Defendant Hood and/or his attorney for bringing this motion. Doc. 137. Defendant Hood then filed a reply. Doc. 145. The matter was taken under submission without benefit of oral argument.

## II. Legal Standards

"For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ.

Proc. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." <u>Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.</u>, 375 F.3d 922, 925 (9th Cir. 2004). The Ninth Circuit has found that default judgement should be set aside if the defendant can show: (1) the defendant's conduct which led to the default was not culpable; (2) the defendant has a meritorious defense; and (3) the plaintiff would not be prejudiced. <u>Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.</u>, 375 F.3d 922, 925 (9th Cir. 2004); <u>O'Connor v. State of Nevada</u>, 27 F.3d 357, 364 (9th Cir. 1994); <u>Cassidy v. Tenorio</u>, 856 F.2d 1412, 1415 (9th Cir. 1988). While the factors consulted are the same, "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." <u>Mendoza v. Wight Vineyard Management</u>, 783 F.2d 941, 945 (9th Cir. 1986); <u>Chrysler Credit Corp. v. Macino</u>, 710 F.2d 363, 368 (7th Cir. 1983) ("the standards are applied more stringently when considering a motion to vacate a default judgment").

Default judgments are generally disfavored, and whenever possible, cases should be decided on their merits. See, e.g., <u>In re Hammer</u>, 940 F.2d 524, 525 (9th Cir. 1991); <u>Pena v. Seguros La Commercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985). Default is remedial and should be set aside liberally in favor of a defendant that seeks timely relief from default and has a meritorious defense. <u>Gregorian v. Izvestia</u>, 871 F.2d 1515, 1523 (9th Cir.1989); <u>Meadows v. Dominican Republic</u>, 817 F.2d 517, 521 (9th Cir. 1987).

**IV. Discussion**

This motion to set aside default rests largely on the question of culpable conduct. As the substantive summary judgment motions brought by the Co-Defendants in the case demonstrate, Defendant Hood has a meritorious defense based on qualified immunity. While Plaintiff argues that any delay is prejudicial, the situation at hand is not one where the proceedings would start from scratch. The case between the Plaintiff and the Co-Defendants has already been well-developed through litigation. Defendant Hood's legal position should be almost identical to that of the Co-Defendants. Injecting Defendant Hood into the case will require only limited effort

and result in minimal delay (if any) in bringing the case to trial.

Plaintiff claims to have served Defendant Hood's wife at their home on February 17, 2006. Doc. 113.  Defendant Hood and his wife claim not to have been served on that date. Doc. 132, Parts 3 and 4.  Defendant Hood further claims no knowledge of this case until Co-Defendants' attorney, noticing a request for entry of default contacted an attorney for Kern County who in turn contacted Defendant Hood.  Plaintiff argues that the declarations of Defendant Hood and Jill Hood are artfully stated to hide the fact that Defendant Hood did receive service on February 17, 2006.  The court does find Jill Hood's declaration is short on detail.  Yet, she says that she is five foot three inches and weighs 190 pounds.  The process server claimed to have served the papers on a Susan Hood who was five foot six and weighed 130 pounds.  That difference is quite significant.  Further, Defendant Hood's declaration is fairly clear: "It appears Mr. Devers [process server] delivered the papers to the wrong property...I had no idea I had been sued by Mr. Willis until I was contacted by Mark L. Nations [Kern County attorney] in September of this year." Doc. 132, Part 3, at 2:8-18.  "[W]here a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment." Gregorian v. Izvestia, 871 F.2d 1515, 1523 (9th Cir. 1989), citing Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987).  Even in cases where "the evidence of confusion [on the part of defendants regarding service] was less than compelling," setting aside an entry of default may be proper. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986).

## V. Conclusion

Defendant Hood's motion to set aside entry of default is GRANTED.

IT IS SO ORDERED.

Dated:   September 24, 2007            /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE