UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS, ) | CIV-F-04-6542 AWI GSA |
| ) | |
| Plaintiff, ) | ORDER RE: FUGITIVE |
| ) | DISENTITLEMENT DOCTRINE |
| v. ) | |
| ) | |
| JOSEPH MULLINS, et al., ) | |
| ) | |
| Defendants. ) | |

## I. History

Gary Willis ("Plaintiff") was an occupant of a hotel room on March 27, 1996. The police entered and searched the room, finding contraband items. Plaintiff was on parole and subject to a search condition, a fact the police were not initially aware of. Plaintiff filed a motion to suppress which was denied. He was convicted of possession of methamphetamine for sale (Cal. Health & Safety Code § 11378) and possession of narcotics paraphernalia (Cal. Health & Safety Code § 11364), ultimately serving over six years in California state prison. The California Supreme Court overturned Plaintiff's conviction on June 3, 2002, finding that evidence from the search must be suppressed. People v. Willis, 28 Cal. 4th 22, 38 (Cal. 2002).

Plaintiff filed suit on May 3, 2004 against a number of police officers involved with the search and the City of Bakersfield ("Defendants"), generally seeking relief under 28 U.S.C. §1983 for violations of his Fourth Amendment rights. In an unrelated matter, Plaintiff plead guilty to a felony sexual assault on April 24, 2007 in State of Arizona v. Gary Wayne Willis

1

(Mojave County Superior Court Crim. Case No. 2006-0513).  He was furloughed until his sentencing, set for May 29, 2007.  Plaintiff did not show up for sentencing.  Plaintiff has been a fugitive since that date and Arizona has issued a warrant for his arrest.

Defendants now move to have the case dismissed with prejudice under the fugitive disentitlement doctrine.  Plaintiff, through his attorney, opposes the motion.  The matter was taken under submission without oral argument.

## II. Legal Standards

Under the fugitive disentitlement doctrine, courts have dismissed appeals of a criminal conviction when the criminal defendant absconds. See, e.g., Molinaro v. New Jersey, 396 U.S. 365 (1970).  Similarly, courts have applied the doctrine in dismissing habeas and other collateral challenges to a criminal conviction. See, e.g., Conforte v. Commissioner, 692 F.2d 587, 589-90 (9th Cir. 1982) (appeal of tax deficiency and penalty assessment after criminal conviction for tax evasion).  The U.S. Supreme Court has made clear that the fugitive disentitlement doctrine does not cut off access to all recourse in the courts:

> we have held federal courts do have authority to dismiss an appeal or writ of certiorari if the party seeking relief is a fugitive while the matter is pending. Several reasons have been given for the rule. First, so long as the party cannot be found, the judgment on review may be impossible to enforce. This was the rationale of the first case to acknowledge the doctrine. Second, we have said an appellant's escape 'disentitles' him 'to call upon the resources of the Court for determination of his claims.'Molinaro v. New Jersey, 396 U.S. 365, 366(1970) (per curiam). The cases cited so far involved the dismissal of fugitives' petitions in this Court. In reviewing similar practices in state courts for conformity with the Due Process Clause, we have noted further reasons for them: Disentitlement 'discourages the felony of escape and encourages voluntary surrenders,' and 'promotes the efficient, dignified operation' of the courts....
>
> We have yet to consider two other purposes said to be advanced by disentitlement: The need to redress the indignity visited upon the District Court by Degen's absence from the criminal proceeding, and the need to deter flight from criminal prosecution by Degen and others. Both interests are substantial, but disentitlement is too blunt an instrument for advancing them....A court-made rule striking Degen's claims and entering summary judgment against him as a sanction, however, would be an arbitrary response to the conduct it is supposed to redress or discourage.
>
> The right of a citizen to defend his property against attack in a court is corollary to the plaintiff's right to sue there. For this reason we have held it unconstitutional to use disentitlement similar to this as punishment for rebellion against the United States, or, in at least one instance, for contempt of court. We need not, and do not, intimate a view on whether enforcement of a disentitlement rule under proper authority would violate due

> process. It remains the case, however, that the sanction of disentitlement is most severe and so could disserve the dignitary purposes for which it is invoked. The dignity of a court derives from the respect accorded its judgments. That respect is eroded, not enhanced, by too free a recourse to rules foreclosing consideration of claims on the merits.
>
> There would be a measure of rough justice in saying Degen must take the bitter with the sweet, and participate in the District Court either for all purposes or none. But the justice would be too rough. A court's inherent power is limited by the necessity giving rise to its exercise. There was no necessity to justify the rule of disentitlement in this case; to strike Degen's filings and grant judgment against him would be an excessive response to the concerns here advanced.

Degen v. United States, 517 U.S. 820, 824 and 828-29 (1996), citations omitted, superceded by statute. The First Circuit has distilled Degen into "five asserted rationales for disentitlement in civil cases against a fugitive: 1) the risk of delay or frustration in determining the merits of the claim; 2) the unenforceability of the judgment; 3) the compromising of a criminal case by the use of civil discovery mechanisms; 4) the indignity visited on the court; and 5) deterrence." Walsh v. Walsh, 221 F.3d 204, 215 (1st Cir. 2000). Consulting these rationales, dismissal is warranted when "(1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine." Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998).

### III. Discussion

The factor that causes concern is this case in whether or not there is a "nexus or connection between the conviction from which the party has fled and the claim with respect to which disentitlement is being considered." Moller v. Alameda, 2006 U.S. Dist. LEXIS 17773, 9-10 (N.D. Cal. Mar. 24, 2006). The Ninth Circuit has not formally stated that a connection or nexus is required: "Joseph Conforte also argues that Molinaro applies to civil cases only where a fugitive seeks relief based upon a claim related to his prior criminal conviction. This argument is derived from the statement in Doyle v. United States Department of Justice [668 F.2d 1365 (D.C. Cir. 1981)] that Doyle's Freedom of Information Act suit was 'not devoid of relationship to the sentence he is evading.' We need not decide whether Molinaro demands such a nexus

requirement since in this case we have no difficulty concluding that Joseph Conforte's previous conviction for attempted evasion of employment taxes and his tax court appeal are each related components of a general tax evasion scheme." Conforte v. Commissioner, 692 F.2d 587, 590 (9th Cir. 1982); see also United States v. $129,374 in United States Currency, 769 F.2d 583, 588 (9th Cir. 1985) (again reserving judgment on whether a nexus is required).  Nevertheless, the U.S. Supreme Court has suggested that some form of unspecified connection is required. Ortega-Rodriguez v. United States, 507 U.S. 234, 252 (1993) ("when a defendant's flight and recapture occur before appeal, the defendant's former fugitive status may well lack the kind of connection to the appellate process that would justify an appellate sanction of dismissal"). Several circuits have explicitly required a nexus similar to that described in Moller. See, e.g. Walsh v. Walsh, 221 F.3d 204, 215 (1st Cir. 2000); Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 281 (2nd Cir. 1997); Barnett v. YMCA, 268 F.3d 614, 618 (8th Cir. 2001); Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998).  Based on this constellation of case law, the court finds that a sufficient nexus is required in order to apply the fugitive disentitlement doctrine.

      Defendants claim "there is a nexus between the ability of Mora to defend herself in the civil action and Willis's fugitive status in the criminal action." Doc. 205, Mora Reply, at 4:21-22. Under the Northern District's definition, Defendant Mora's proffered rationale does not create a sufficient link as there is no connection between the Arizona state conviction from which Willis has fled and the substance of his civil claims.  Analyzing the nexus requirement, the District of Oregon has stated,

> Defendants have not identified any nexus between Etherly's alleged violation of post-prison supervision and his claims of being subjected to excessive force while in prison. In addition, since Etherly is the Plaintiff, there is little risk that a judgment adverse to Etherly will be unenforceable (other than perhaps an award of costs, but he is indigent anyway). Nor have Defendants pointed to any judgment of this court that Etherly has disobeyed by allegedly fleeing....
>
> given the absence of any relationship between Plaintiff's alleged flight and the present civil action. Defendants might as well be asking to have this action dismissed as a sanction for an unrelated violation of prison rules by the Plaintiff, or as punishment for committing new crimes.

Etherly v. Oregon, 2007 U.S. Dist. LEXIS 12050, 4-5 and 9 (D. Or. Feb. 19, 2007) (plaintiff

failed to report to his parole officer).[1]  Indeed, courts have expressed distaste at the idea that "dismissal of the civil appeal is being used to coerce appearance in the criminal case." Goya Foods, Inc. v. Unanue-Casal, 275 F.3d 124, 129 (1st Cir. 2001).  The connection in the case at hand is even weaker than that in Etherly and is insufficient for application of the doctrine.

### IV. Conclusion

Defendants' motion to dismiss under the fugitive disentitlement doctrine is DENIED.

IT IS SO ORDERED.

Dated:    June 11, 2009                                /s/ Anthony W. Ishii
                                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1]     This outcome in Etherly appears at odds with a subsequent Ninth Circuit opinion which dismissed an appeal based on the fugitive disentitlement doctrine without discussion or mention of the nexus requirement: "Williams sued Alameida, the Director of the California Department of Corrections under 42 U.S.C. §1983, alleging he was held in CDC custody past the date of his sentence for failure to submit a DNA sample in violation of the Fourth Amendment, the Ex Post Facto Clause, and the Due Process Clause of the United States Constitution. On November 5, 2007, Alameida moved to dismiss this appeal under the fugitive disentitlement doctrine. In support of this motion, Williams's parole agent declared that Williams was released from prison and placed on parole on June 2, 2005, but failed to report to his parole agent. An arrest warrant has been issued for Williams, who remains a parolee at large. Conforte v. Commissioner, 692 F.2d 587, 590 (9th Cir. 1982)....we conditionally dismiss Williams's appeal pursuant to the fugitive disentitlement doctrine." Williams v. Alameida, 511 F.3d 973, 974 (9th Cir. 2007).  However, there was no discussion of the rationales or factors for the fugitive disentitlement factor.  The terms nexus and connection were never mentioned.  Given this background, the court finds that Williams should not be read as expressing any opinion about whether or to what extent a nexus is required.  These issues do not appear to have been raised.