1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7
8

**GARY WILLIS,**

9

**Plaintiff**

10

v.

11

**JOSEPH MULLINS, et al.,**

12

**Defendants**

13
14

**CASE NO. 1:04-CV-6542 AWI BAM**

**ORDER RE: MOTIONS IN LIMINE**

**(Docs. 286, 287, 288, 289, and 290)**

15

**I. History**

16      Gary Willis ("Plaintiff") was a registered occupant of the E-Z 8 Motel in Bakersfield, CA

17  on March 27, 1996.  Police received reports of heavy traffic from that room and were informed it

18  was registered under Plaintiff's name.  The Defendants are four law enforcement officers form

19  different departments who were sent to investigate: Bakersfield Police Officer Joseph Mullins,

20  Bakersfield Police Officer Silvius, Kern County Deputy Sheriff Hood, and California State Parole

21  Officer Diane Mora.[1]  Defendant Mullins consulted a list of parolees generated by the California

22  Department of Corrections and distributed to local police departments on a roughly monthly basis

23  ("Parole Roster").  He presented the Parole Roster to Defendant Mora; she confirmed the Parole

24  Roster indicated that Plaintiff was on parole (based on 1987 convictions and a 1994 parole

25  revocation) and subject to search.  After announcing their presence and entering the motel room,

26

27  [1]Defendants Mullins and Silvius are employees of the City of Bakersfield.  They are jointly

28  represented by counsel.  Defendant Hood and Defendant Mora each have separate counsel.

1   Defendants found two individuals inside, Plaintiff and Kathleen Moye.  Also visible were a knife,

2   a syringe, and a briefcase.  Defendants announced the commencement of a parole search.  Plaintiff

3   informed Defendant Mullins he was no longer on parole and provided his parole discharge card.

4   Defendant Mora left to seek telephone confirmation of Plaintiff's parole status.  In fact, Plaintiff

5   had been discharged from parole nine months prior.  While the call was taking place, Defendant

6   Mullins detained Plaintiff outside the motel room while Defendants Silvius and Hood talked with

7   Ms. Moye inside the room.  Ms. Moye admitted to recently using methamphetamine, stated that

8   she put a speed pipe in the briefcase, and consented to search of the briefcase.  Defendant Mullins

9   brought Plaintiff back into the room.  Defendants Mullins, Silvius, and Hood opened the briefcase

10  and found methamphetamine, speed pipes, syringes, set of scales, small plastic bags, spoons, and

11  pay-owe sheets.  At some point, Defendant Mora returned and informed Defendant Mullins that

12  Plaintiff was not on parole.  Defendants arrested Plaintiff and Ms. Moye.

13          Plaintiff made a motion to suppress evidence, which the California trial court denied.

14  Based on evidence found within the motel room, Plaintiff was convicted of possession of

15  methamphetamine for sale (Cal. Health & Safety Code § 11378) and possession of narcotics

16  paraphernalia (Cal. Health & Safety Code § 11364).  He ultimately served six years in state prison.

17  On appeal, the Fifth District Court of Appeal found the entry unconstitutional and the good faith

18  exception to the exclusionary rule inapplicable, but nonetheless affirmed the denial of suppression

19  based on the finding that the officers had sufficient probable cause to search the briefcase based on

20  Ms. Moye's statements to Defendant Silvius.  The Fifth District's rationale was that the "freeze"

21  in search was a reasonable response to the uncertainty concerning Plaintiff's parole status. People

22  v. Willis, 71 Cal. App. 4th 530, 541 (Cal. Ct. App. 1999).  On appeal, the attorney general

23  conceded that the Fifth District's rationale for denying the motion to suppress was erroneous.

24  People v. Willis, 28 Cal. 4th 22, 25 (Cal. 2002).  The California Supreme Court overturned

25  Plaintiff's conviction on June 3, 2002, finding that evidence from the search must be suppressed as

26  the good faith exception did not apply. People v. Willis, 28 Cal. 4th 22, 38 (Cal. 2002).   Plaintiff

27  was released on August 31, 2002.

28          Thereafter, Plaintiff filed a civil suit based on a number of causes of action.  The

procedural history of this is elaborate.  In the last dispositive order, this court found summary

adjudication on the following issues:

> 1. Defendants' initial entry into the motel room violated Plaintiff's Fourth Amendment rights.  Qualified immunity can not be determined at this time. Summary judgment on the unconstitutional entry Section 1983 claim is DENIED.
>
> 2. Defendants' seizure of Plaintiff while determining his parole status violated Plaintiff's Fourth Amendment rights.  Qualified immunity applies.  Summary judgment on the unconstitutional seizure Section 1983 claim is GRANTED in favor of Defendants.
>
> 3. The search of the briefcase based on Ms. Moye's consent did not violate Plaintiff's constitutional rights.  Summary judgment on the unconstitutional search Section 1983 claim is GRANTED in favor of Defendants.
>
> 4. Plaintiff's arrest based on the evidence found in the briefcase did not violate Plaintiff's constitutional rights.  Summary judgment on the unconstitutional arrest Section 1983 claim is GRANTED in favor of Defendants.
>
> 5. Defendants actions in supporting Plaintiff's criminal prosecution do not constitute malicious prosecution.  Summary judgment on the malicious prosecution Section 1983 claim is GRANTED in favor of Defendants.

Doc. 260, August 16, 2011 Order, 21:25-22:11.  Qualified immunity can not be determined at this

point because there is insufficient evidence as to the reasonableness of Defendants' reliance on the

Parole Roster.  At this point, the only causes of action that remain are a violation of 42 U.S.C.

§1983 claim and conspiracy to commit the same.  As a Fourth Amendment violation has been

established, whether Defendants' actions were reasonable is central the question to be resolved.

The trial will focus on whether qualified immunity should apply to the initial entry and damages if

qualified immunity is denied.

Plaintiff has filed three motions in limine ("MIL").  Docs. 286, 287, and 288.  Defendants

Silvius and Mullins have filed eleven MIL.  Doc. 289.  Defendant Mora has also filed eleven MIL.

Doc. 290.  Defendant Hood joins in the other Defendants' MIL.  Docs. 291 and 292.  A hearing

was held on March 10, 2014 to discuss the MIL and certain mechanics of the trial.

## II. Legal Standard

Motions in limine may be "made before or during trial, to exclude anticipated prejudicial

evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2

3

1   (1984).  Fed. Rule Evid. 403 states generally that, "The court may exclude relevant evidence if its

2   probative value is substantially outweighed by a danger of one or more of the following: unfair

3   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

4   presenting cumulative evidence."  "Although the Federal Rules of Evidence do not explicitly

5   authorize in limine rulings, the practice has developed pursuant to the district court's inherent

6   authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). The

7   parties must abide by the court's rulings but may ask for reconsideration as trial progresses.  "[A]

8   ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the

9   discretion of the district court. The district court may change its ruling at trial because testimony

10  may bring facts to the district court's attention that it did not anticipate at the time of its initial

11  ruling." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999), citing Luce v. United

12  States, 469 U.S. 38, 41-42 (1984).

13

14                              **III. Discussion**

15  **A. Structure of the Trial**

16          At the pretrial conference held on August 24, 2012, the parties discussed how to resolve

17  the question of qualified immunity at trial and whether to phase the trial.  No firm decision was

18  made at that time.

19          With regards to dealing with qualified immunity, the issue was discussed at the hearing on

20  March 10, 2014.  The options are to give the question to the jury or to craft a special verdict that

21  asks the jury to answer a series of limited factual questions.  Plaintiff, Defendants Silvius and

22  Mullins, and Defendant Mora have all submitted proposed jury verdicts. Docs. 308; 310, Part 1;

23  and 312.  Each party proposes to ask the jury if each Defendant acted in a reasonable fashion; if

24  the answer is in the negative, the jury is directed to find the amount of damages suffered.  Thus, it

25  appears that the parties are prepared to give the entire question of qualified immunity to the jury.

26  The court will proceed based on that assumption.

27          With regards to phasing the trial, the issue was also explored at the hearing on March 10,

28  2014, with an eye towards minimizing potential prejudice.  To that end, the trial will be bifurcated

                                          4

with a qualified immunity and compensatory damages first phase and a punitive liability and

damages second phase

**B. Plaintiff's MIL**

    1. To exclude from trial any and all evidence of, reference to, comment or argument on, and examination of witnesses with respect to Plaintiff's criminal convictions.

    2. To exclude from trial any and all evidence of, reference to, comment or argument on, and examination of witnesses with respect to evidence relating to the requirement that Plaintiff register as a sex offender, the terms and conditions of his parole, and materials relating to the 1994 parole revocation, as irrelevant, prejudicial, and inadmissible character evidence.

    3. To exclude from trial any and all evidence of, reference to, comment or argument on, and examination of witnesses with respect to any of the events, including the arrest of Plaintiff, the search of his briefcase and of the motel room, that took place after the initial entry into the motel room, since the constitutionality of the entry itself is the only issue remaining in this case.

    Plaintiff's MIL are addressed as a whole as they are closely intertwined and center around

the issue of relevance.  The convictions Plaintiff seeks to exclude are: (1) a 1983 conviction for

assault with a deadly weapon under Cal. Penal Code § 245; (2) two 1987 convictions under Cal.

Penal Code § 288(b), lewd and lascivious conduct with person under fourteen years old, and Cal.

Penal Code § 136.1(c)(1), conduct accompanied by force or threat of force; (3) two 2007

convictions under Ariz. Rev. Stat. § 13-3821 under which plaintiff was required to register as a

sex offender based upon his two 1987 convictions and Ariz. Rev. Stat. § 13-3824, failure to

register; and (4) a 2010 conviction under Ariz. Rev. Stat § 13-2503A.2, escape in the second

degree.  Plaintiff was subject to a term of parole as a result of the 1987 convictions.  In 1994, he

violated the terms of his parole and was imprisoned for twelve months.  Thereafter, his parole

ended before the March 27, 2994 incident giving rise to this suit.

**1. Relevance**

    This is an extremely narrow case.  The base issue of compensatory liability centers on

whether Defendants have qualified immunity for mistakenly entering under the auspices of parole

1   search.   In prior dispositive motions, Defendants only justified their entry as a parole search. See

2   Doc. 141, Part 1, Defendants Silvius's and Mullins's Brief for Summary Judgment, 13:21-28;

3   Doc. 143, Defendant Mora's Brief for Summary Judgment, 5:10-13.  Based on these

4   representations, the court found that "Based solely on their belief that Plaintiff was a parolee

5   subject to a search condition, Defendants entered the motel room without Plaintiff's consent....

6   Defendants entered to search the premises without a warrant. There was insufficient evidence to

7   justify the entry based on exigent circumstances. As Plaintiff was not subject to a search condition,

8   the entry violated the Fourth Amendment." Doc. 172, September 25, 2007 Order, 26:14-22.  The

9   Ninth Circuit concurred in finding "questions of fact exist as to whether Mora's mistake that

10  Willis was on parole was reasonable" and "no urgency existed in Agent Mora's situation to excuse

11  her failure to confirm Willis's parole status." Doc. 195, February 24, 2009 Ninth Circuit Order, 2-

12  3.  Defendants may not offer Plaintiff's sex offender status, failure to register, general criminal

13  history, and circumstances indicating possibility of drug dealing as independent rationales for

14  Defendants' entry with respect to qualified immunity.  This case should center on Defendants'

15  knowledge of the Parole Roster and its possible flaws: "In this case, the parties have not clarified

16  how the Parole Roster was compiled. The parties have not provided details about how the Parole

17  Roster dealt with parolees soon to be discharged....there is no indication whether individuals who

18  were to be discharged from parole that month were included on the Parole Roster or whether they

19  were excluded from the list. Further, there is no record of what the Defendants knew or were told

20  about the Parole Roster with regard to that class of individuals"; "Qualified immunity thus boils

21  down to whether it was reasonable for Defendants to rely on the information contained in the

22  Parole Roster in order to determine if an individual is subject to a parole search condition." Doc.

23  172, September 25, 2007 Order, 33:10-16 and 30:4-6.  The specific circumstances surrounding

24  Plaintiff (events of March 27, 1996 and his criminal history) have only limited relevance to

25  determining qualified immunity as the question turns on Defendants' knowledge of the reliability

26  or unreliability of the Parole Roster.

27         Plaintiff argues that all evidence regarding the events of March 27, 1996 after the entry is

28  irrelevant as "whether it was reasonable to conduct a parole search based upon an outdated parole

1    roster occurred before the entry into the motel room, and nothing that occurred after the initial

2    entry is relevant to that issue." Doc. 288, Plaintiff's MIL, 5:7-11.  Defendants Silvius and Mullins

3    argue that evidence of the methamphetamine found in the briefcase "supports the fact that the

4    defendants had been dispatched there in the first place, supports the actions taken by the

5    defendants, and supports the fact that the defendants entered the motel room in the first place. In

6    the absence of the admission of this evidence, the defendants would unquestionably be prejudiced

7    because the jury would be left with the incorrect assumption that the defendants were unfairly

8    targeting the plaintiff for an improper purpose. The contraband in the motel room validates the

9    defendants' being at the motel room in the first place." Doc. 298, Defendants Silvius' and

10   Mullins's Opposition, 7:27-8:4.  Defendants' argument that what was found in the room

11   retroactively justifies the bad entry in the first place is rejected.  Qualified immunity deals with

12   what an officer actually knew at the time he/she took action that constitutes the violation. See

13   Anderson v. Creighton, 483 U.S. 635, 641 (1987) ("in light of clearly established law and the

14   information the searching officers possessed").

15        Some explanation of Plaintiff's past and the fact that he had been on parole are necessary

16   to explain why Plaintiff was first put on the Parole Roster in the first place.  However, the full

17   circumstances of Plaintiff's criminal history need not be presented to a jury.  The fact that Plaintiff

18   was convicted of a crime in 1987 is relevant as it gives rise to his being on parole.  However, the

19   fact that it was a sex crime is not relevant.  The status of sex offender is extremely prejudicial. See

20   Romanelli v. Suliene, 615 F.3d 847, 850 (7th Cir. 2010) (district court excluded conviction for

21   "failure to report as a sex offender, finding that the probative value was outweighed by the

22   potential for unfair prejudice"); Vega v. Rell, 2013 U.S. Dist. LEXIS 169952, *5 (D. Conn. Dec.

23   3, 2013) ("Public sentiment toward drug and sex offenders is among the most vehemently

24   negative. In view of the absence of any showing of relevance, this evidence can only be expected

25   to create a serious risk that a jury would be unfairly prejudiced").  Plaintiff's sex offender and

26   registration status is not relevant to this case.  Additionally, Plaintiff's 1994 parole revocation is

27   not relevant unless it changed the end date of Plaintiff's parole.

28        However, Plaintiff may open the door to questioning on Plaintiff's criminal history and

7

1  parole violation if his argument makes them relevant.  For example, if Plaintiff were to suggest

2  that being on parole nearly ten years after a conviction is a circumstance that should have lead

3  Defendants to question Plaintiff's parole status, then Defendants would be allowed to explain how

4  his criminal background supports their inference that a long term of parole was appropriate and

5  unsurprising.

6

7  **2. Damages**

8       Plaintiff seeks compensatory damages for the six years he spent in prison before the

9  California Supreme Court overturned his conviction.  Plaintiff argues "But for the unlawful entry

10 into plaintiff's motel room, plaintiff would not have been arrested, prosecuted, convicted, and

11 incarcerated for six years, before his conviction was reversed. Put another way, without the

12 unlawful entry, the arrest, prosecution, conviction, and incarceration of plaintiff would not, indeed,

13 could not, have happened. Evidence that as a direct result of the unlawful entry, plaintiff was

14 arrested, that he was prosecuted, convicted, and spent six years in prison and that the conviction

15 was reversed by the Supreme Court of California, is highly relevant to plaintiff's damages for

16 emotional distress and the probative value of such evidence far outweighs any prejudice to the

17 defendants." Doc. 294, Plaintiff's Opposition , 2:17-24.  As the Western District of Washington

18 has recently reiterated, "courts have uniformly rejected application of the exclusionary rule in §

19 1983 cases." Smith v. Kelly, 2013 U.S. Dist. LEXIS 153172, *28 (W.D. Wash. Oct. 24, 2013),

20 citations omitted.  "[C]onstitutional tort liability under § 1983 is limited to the kind of injury that

21 the constitutional right at issue was designed to prevent. Victims of unreasonable searches or

22 seizures may recover damages directly related to the invasion of their privacy--including (where

23 appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such

24 victims cannot be compensated for injuries that result from the discovery of incriminating

25 evidence and consequent criminal prosecution." Townes v. City of New York, 176 F.3d 138, 148

26 (2nd Cir. 1999), citations omitted.  Plaintiff's damages are extremely limited.  In the context of

27 entry, compensation is available for "actual injuries (i.e., physical pain and suffering, mental

28 anguish, etc.) with respect to the illegal entry." Estate of Sowards v. City of Trenton, 125 Fed.

1  Appx. 31, 36 (6th Cir. 2005). Even nominal damages must be specifically requested and

2  instructed on. See <u>Miller v. Albright</u>, 657 F.3d 733, 738 (8th Cir. 2011).

3      In the first phase of trial, if Plaintiff tries to argue that his reputation was damaged by the

4  entry, he may open the door for Defendants to bring in evidence of Plaintiff's criminal history. In

5  libel cases, "Evidence of a tarnished reputation is admissible and should be considered as a factor

6  to mitigate the level of compensatory damages." <u>Marcone v. Penthouse Int'l Magazine for Men</u>,

7  754 F.2d 1072, 1079 (3rd Cir. 1985). An argument for mental anguish damages may similarly

8  open up the case to all events of March 27, 1996 as the circumstances surrounding the moment

9  causing anguish become relevant for damage calculations. See <u>Fragoso v. Builders FirstSource</u>

10 <u>Southeast Group LLC</u>, 2011 U.S. Dist. LEXIS 19529, *5 (D.S.C. Feb. 25, 2011) ("Plaintiff's

11 claim for emotional distress entitles Defendant to discover evidence of alternate or multiple

12 sources of possible emotional distress to Plaintiff, including fear of deportation, the unavailability

13 of legal employment, and the fear of arrest by law enforcement"); <u>Biggs v. Dupo</u>, 892 F.2d 1298,

14 1305 (7th Cir. 1990) ("we require that a plaintiff show demonstrable emotional distress, not just

15 point to circumstances of the constitutional violation which might support an inference of such

16 injury"); <u>Gore v. Turner</u>, 563 F.2d 159, 164 (5th Cir. 1977) (emotional distress damages "may be

17 inferred from the circumstances as well as proved by the testimony").

18     Defendant Mora argues that "the evidence of drug trafficking found in the motel room

19 should not be excluded because it is directly relevant to Willis's claims for both compensatory and

20 punitive damages....If Willis intends to claim mental and emotional distress from Defendants'

21 entering the room, for example, then the parties must be allowed to inquire into Willis's state of

22 mind when he encountered the Defendants' conduct, and that requires an examination of the

23 circumstances if the jury is not just to take Willis at his word." Doc. 296, Defendant Mora's

24 Opposition, 2:10-3:1. Similarly, Defendant Mora argues she "does not offer Willis's prior

25 criminal history to prove what he was doing in the motel room, but rather what her own non-

26 culpable state of mind was in participating in what she believed was a valid parole search

27 investigating multiple violations of law. Willis has pleaded a claim for punitive damages, and

28 therefore the parties must be allowed to inquire into the Defendants' state of mind." Doc. 296,

9

1  Defendant Mora's Opposition, 4:10-16.  This trial will be bifurcated; liability and damages for any

2  punitive damage award is set aside for the second phase of trial.  Evidence that is irrelevant for the

3  first part of trial may become relevant for the second. See <u>Quinn v. Fresno County Sheriff</u>, 2013

4  U.S. Dist. LEXIS 146297, *5 (E.D. Cal. 2013) ("even if evidence of intent, motive, or state of

5  mind is irrelevant to determining probable cause, such evidence is still pertinent to the issue of

6  punitive damages").  In determining the validity of qualified immunity, only Defendants' beliefs

7  as to Plaintiff's parole status is relevant.  Punitive damages involves a different analysis: "[A] jury

8  may be permitted to assess punitive damages in an action under § 1983 when the defendant's

9  conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

10  indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983).  If

11  this trial reaches the punitive damages phase, all information that may have motivated Defendants'

12  entry may be explored, not just the information regarding Defendants' parole status.

13

14  **3. Impeachment**

15      Defendants also seek to use Plaintiff's criminal history for impeachment.  The 1983 and

16  1987 convictions are more than ten years old.  Fed. Rule Evid. 609(b) prohibits the use of such

17  convictions unless "its probative value, supported by specific facts and circumstances,

18  substantially outweighs its prejudicial effect."  Defendant Silvius and Mullins admit they have not

19  yet made such a showing with regards to the 1983 conviction. Doc. 298, Defendants Silvius's and

20  Mullins's Opposition, 3:6-17.  The 1987 convictions gave rise to Plaintiff's parole status.

21  However, they were sex crimes which gives rise to great prejudice.  The fact that Plaintiff was

22  convicted and subject to parole conditions is admissible but the fact that the conviction was for a

23  sex crime is not.

24      Evidence of the 2007 and 2010 convictions are subject to Fed. Rule Evid. 609(a) which

25  states:

26      The following rules apply to attacking a witness's character for truthfulness by
        evidence of a criminal conviction:

27

28      (1) for a crime that, in the convicting jurisdiction, was punishable by death or by
        imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in
which the witness is not a defendant; and
(B) must be admitted in a criminal case in which the witness is a defendant, if the
probative value of the evidence outweighs its prejudicial effect to that defendant;
and

(2) for any crime regardless of the punishment, the evidence must be admitted if the
court can readily determine that establishing the elements of the crime required
proving--or the witness's admitting--a dishonest act or false statement

Fed. Rule Evid. 403 states, "The court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice..."

The 2007 convictions are founded upon Plaintiff's failure to register as a sex offender.  As

stated before, the danger of prejudice is great.  Though the convictions are relevant for

impeachment, the probative value is substantially outweighed by danger of prejudice.  Regarding

Fed. Rule Evid. 609(a)(2), Defendants have not shown that they necessarily involve a dishonest

act or false statement. See <u>Dingman v. Cart Shield USA, LLC</u>, 2013 U.S. Dist. LEXIS 93551, *8-

9 (S.D. Fla. July 3, 2013) ("not met its burden of showing that Dingman's failure to register as a

sex offender involved a dishonest act or false statement").

The 2010 conviction was for escaping from custody under Ariz. Rev. Stat § 13-2503A.2.

Defendants Silvius and Mullins has represented that it was a felony. Doc. 298, Defendants

Silvius's and Mullins's Opposition, 3:20-21.  The prejudice does not outweigh the probative

value.  The conviction may be admitted under Fed. Rule Evid. 609(a)(1) with the understanding

that Plaintiff's registration or non-registration as a sex offender be excluded.


**4. Conclusion**

1. To exclude from trial any and all evidence of, reference to, comment or
argument on, and examination of witnesses with respect to Plaintiff's criminal
convictions.

2. To exclude from trial any and all evidence of, reference to, comment or
argument on, and examination of witnesses with respect to evidence relating to the
requirement that Plaintiff register as a sex offender, the terms and conditions of his
parole, and materials relating to the 1994 parole revocation, as irrelevant,
prejudicial, and inadmissible character evidence.

3. To exclude from trial any and all evidence of, reference to, comment or
argument on, and examination of witnesses with respect to any of the events,
including the arrest of Plaintiff, the search of his briefcase and of the motel room,

11

1    that took place after the initial entry into the motel room, since the constitutionality
of the entry itself is the only issue remaining in this case.

2        Plaintiff's first MIL is granted in part and denied in part. The 1983 and 2007 convictions

3    are excluded. The fact that Plaintiff was convicted in 1987 (but not the nature of the offence) may

4    be presented to explain Plaintiff's parole status. The 2010 conviction may be presented as

5    impeachment.

6        Plaintiff's second MIL is granted in part and denied in part. Plaintiff's sex offender status

7    and parole revocation are irrelevant in the qualified immunity phase of the trial. They may be

8    presented in the punitive damages phase of the trial. The terms and conditions of Plaintiff's parole

9    may be presented in all phases of trial.

10       Plaintiff's third MIL is granted in part and denied in part. The evidence may not be

11   present in the qualified immunity phase of the trial but may be used in the punitive damages phase

12   of the trial.

13

14   **C. Defendant Mora's MIL**

15   1. To exclude Willis's offering evidence or eliciting testimony regarding dismissed defendants and

16   claims, including Willis's arrest, prosecution, conviction, and imprisonment arising out of the

17   consent search of the briefcase, which the Court has ruled did not violate Willis's constitutional

18   rights.

19       Defendant Mora argues "these nonactionable events happened after the entry into the motel

20   room occurred, and therefore they can have no tendency to prove or disprove whether Defendants

21   reasonably believed that Willis was on parole when they entered the room. They are irrelevant."

22   Doc. 290, Defendant Mora's MIL, 3:18-20. Plaintiff states that they go to damages. Doc. 294,

23   Plaintiff's Opposition, 3:3-9. As noted above, this case is extremely narrow. Plaintiff's damages

24   are limited to that which is attributable to the entry; he may not recover for his arrest or

25   incarceration as the exclusion rule does not apply to Section 1983. These later events are

26   irrelevant to this case.

27       Defendant Mora's first MIL is granted.

28

1  2. To exclude Willis's offering evidence or eliciting testimony regarding the opinions, holdings, or

2  existence of rulings in Willis's criminal case, including the decision in <u>People v. Willis</u>, 28 Cal.4th

3  22 (2002), which applied the exclusionary rule to suppress evidence in Willis's criminal case.

4      Defendant Mora argues these decisions are "irrelevant and inadmissible." Doc. 290,

5  Defendant Mora's MIL, 4:13.  Plaintiff argues "<u>Willis</u> bars any finding in this Court that the initial

6  entry was objectively reasonable, and thus there cannot be any qualified immunity... Because

7  <u>Willis</u>' finding of objective unreasonableness is precisely the same as the issue in the instant case,

8  therefore <u>Willis</u> has a tendency to make the fact of objective reasonableness more or less probable

9  than it would be without <u>Willis</u>, and because that fact is of great consequence in determining this

10  action, <u>Willis</u> is relevant." Doc. 294, Plaintiff's Opposition, 6:26-28.  This court has already

11  determined that the California Supreme Court criminal case does not have preclusive effect on this

12  civil case.  Doc. 81, December 16, 2005 Order.  Further, exclusionary analysis and qualified

13  immunity are not the same test. See <u>Ingram v. City of Los Angeles</u>, 418 F. Supp. 2d 1182, 1190

14  (C.D. Cal. 2006).   The opinions in the California criminal case which culminated in <u>People v.</u>

15  <u>Willis</u>, 28 Cal.4th 22 (Cal. 2002) are irrelevant.

16      Defendant Mora's second MIL is granted.

17

18  3. To exclude Willis's offering evidence or eliciting testimony regarding use of force against

19  Willis.

20      Plaintiff does not oppose Defendant Mora's third MIL; it is granted.

21

22  4. To exclude Willis's offering evidence or eliciting testimony regarding Willis's deposition

23  testimony.

24      Defendant Mora argues the deposition testimony is hearsay and will be cumulative with

25  Plaintiff's live trial testimony. Doc. 290, Mora MIL, 5:12-19.  Plaintiff has included the referenced

26  deposition testimony as Plaintiff's Trial Exhibit 2.  Plaintiff argues that "Although plaintiff

27  expects to testify at trial, extraordinary circumstances unknown at this time may prevent his

28  presence at trial, so that the Court should defer ruling on this matter" and "the Court should deny

1   the defendant Mora's motion in limine no. IV because the plaintiff's deposition testimony ma[y]

2   be used to refresh recollection, or as recorded recollection." Doc. 294, Plaintiff's Opposition,

3   9:17-19 and 10:25-27.

4          Fed. Rule Evid. 802(b)(1) provides that when a declarant is unavailable, his/her deposition

5   testimony may be admitted against a party if that party had adequate opportunity to question the

6   declarant during that prior deposition.  Defendant Mora points out that a party may not procure

7   his/her own absence in order to admit prior testimony. See <u>Fairfield 274-278 Clarendon Trust v.</u>

8   <u>Dwek</u>, 970 F.2d 990, 995 (1st Cir. 1992).  As there is no reason to believe that Plaintiff will be

9   unavailable, there is no basis to admit the deposition into evidence.  Regarding use of the

10  deposition to refresh Plaintiff's memory, Fed. Rule Evid. 612 allows for refreshing a witness's

11  memory without introduction into evidence.  Further, Fed. Rule Evid. 613 covers admitting prior

12  statements for impeachment.

13         Defendant Mora's fourth MIL is granted with the understanding that prior statements may

14  be used for impeachment.

15

16  5. To exclude Willis's offering evidence or eliciting testimony regarding Willis's declaration of

17  November 1, 2006.

18         For the same reasons as Defendant Mora's fourth MIL, Defendant Mora's fifth MIL is

19  granted with the understanding that prior statements may be used for impeachment.

20

21  6. To exclude Willis's offering evidence or eliciting testimony regarding Willis's testimony in his

22  criminal case.

23         For the same reasons as Defendant Mora's fourth MIL, Defendant Mora's Sixth MIL is

24  granted with the understanding that prior statements may be used for impeachment.

25

26  7. To exclude Willis's offering evidence or eliciting testimony regarding witness Kathleen Moye's

27  testimony from Willis's criminal case.

28         Defendant Mora argues that the prior testimony is hearsay.  Plaintiff states the testimony is

14

1  "relevant only if the issue of consent to open plaintiff's briefcase is tried as all defendants formerly

2  contended it should be." Doc. 294, Plaintiff's Opposition, 12:12-13.  To be clear, the court ruled

3  that "3. The search of the briefcase based on Ms. Moye's consent did not violate Plaintiff's

4  constitutional rights.  Summary judgment on the unconstitutional search Section 1983 claim is

5  GRANTED in favor of Defendants." Doc. 260, August 16, 2011 Order, 22:3-5.  There is no

6  question as to consent to open the briefcase.  Plaintiffs have not shown what part of Kathleen

7  Moye's testimony would be relevant.

8         Defendant Mora's seventh MIL is granted.

9

10  8. To exclude Willis's offering evidence or eliciting testimony regarding unsubstantiated

11  conspiracy or culture-of-corruption theories.

12         Defendant Mora argues that "Willis has disclosed no witnesses or evidence to support such

13  innuendo. It is irrelevant, has no tendency to prove any fact to be decided to the jury, is

14  misleading, would confuse the jury, would waste time, and would be unfairly prejudicial." Doc.

15  290, Defendant Mora's MIL, 7:6-8.  Plaintiff states that "No Monell claim remains to be tried, and

16  plaintiff does not object to the exclusion of any policy, practice, procedure and custom evidence,

17  because it is no longer relevant with respect to the claims against the individual officers. However,

18  to the extent that this motion in limine seeks to preclude evidence of a conspiracy between the

19  defendants, it should be denied." Doc. 294, Plaintiff's Opposition, 12:28-4.  Exploring what

20  Defendants knew and may have told each other about Plaintiff's parole status and the Parole List

21  is properly part of the case.

22         Defendant Mora's eighth MIL is denied.

23

24  9. To exclude Willis's offering evidence or eliciting testimony regarding Defendants' involvement

25  in other lawsuits, claims, or incidents alleging misconduct.

26         Defendant Mora argues that this evidence is inadmissible under Fed. Rule Evid. 404(b),

27  which states "Evidence of a crime, wrong, or other act is not admissible to prove a person's

28  character in order to show that on a particular occasion the person acted in accordance with the

1   character....This evidence may be admissible for another purpose, such as proving motive,

2   opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

3   accident." Doc. 290, Defendant Mora's MIL, 7:17-19.  Plaintiff states "In the instant case,

4   evidence of other instances in which defendants Mora, Mullins, Silvius and/or Hood engaged in

5   unconstitutional searches and seizures, or falsely arrested citizens, would not warrant exclusion

6   under Fed. R. Evid. Rule 403, because the probative value of the evidence would not be

7   substantially outweighed by the danger of unfair prejudice." Doc. 293, Plaintiff's Opposition,

8   14:12-15.  As Defendants Silvius and Mullins point out general allegations of past involvement in

9   litigation or misconduct investigation "is not admissible for the purpose of proving liability against

10  the officers." <u>Destacamento Gonzalez v. City of Garden Grove</u>, 2006 U.S. Dist. LEXIS 97148, *6

11  (C.D. Cal. Dec. 4, 2006).  The Ninth Circuit has stated that "'other act' evidence is admissible

12  under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to

13  find that the defendant committed the other act; (2) the other act must not be too remote in time;

14  (3) the other act must be introduced to prove a material issue in the case; and (4) the other act

15  must, in some cases, be similar to the offense charged. Even if all four conditions are met, the

16  evidence may still be excluded if under Rule 403, the probative value of the evidence is

17  substantially outweighed by the danger of unfair prejudice." <u>Duran v. City of Maywood</u>, 221 F.3d

18  1127, 1132-33 (9th Cir. 2000), citations omitted.

19          The scope of this case is narrow.  The court has already determined that there was a Fourth

20  Amendment violation in entry.  The central question is qualified immunity; specifically, what the

21  Defendants knew about Plaintiff's parole status and the Parole Roster.  Evidence that Defendants

22  may have committed acts of unconstitutional seizure or false arrest is irrelevant.  As for other

23  instances when Defendants may have violated the Fourth Amendment through an illegal entry, it

24  may be relevant in showing knowledge or absence of mistake under Fed. Rule Civ. Proc.

25  404(b)(2) if those circumstances similarly deal with issues of parole.  Any prior cases or

26  proceedings which demonstrate knowledge of potential problems with the Parole Roster would be

27  highly relevant at trial.  However, Plaintiff has not made a showing that any other lawsuit, claim,

28  or incident is relevant.

1    Defendant Mora's ninth MIL is granted.

2

3    10. To exclude Willis's offering evidence or eliciting testimony regarding offers to compromise.

4          Plaintiff does not oppose Defendant Mora's tenth MIL; it is granted.

5

6    11. To exclude Willis's offering evidence or eliciting testimony regarding potential indemnity or

7    reimbursement to Defendants for any monetary award following an adverse judgment.

8          Plaintiff does not oppose this MIL with the caveat that Defendants not be permitted to

9    introduce evidence or suggestion of inability to pay.  Defendant Mora's eleventh MIL is granted

10   with that understanding.

11

12   **D. Defendants Silvius's and Mullins's MIL**

13   1. Exclusion of any evidence or argument related to Plaintiff's Arrest, Prosecution, Conviction and

14   Incarceration.

15          For the same reasons as Defendant Mora's first MIL, Defendants Silvius's and Mullins's

16   first MIL is granted.

17

18   2. Exclusion of Findings of the California Superior Court, The Fifth District Court of Appeal Or

19   California Supreme Court Should Be Made.

20          For the same reasons as Defendant Mora's second MIL, Defendants Silvius's and

21   Mullins's second MIL is granted.

22

23   3. Exclusion of reference to Any Force Purportedly Used on Plaintiff by City Defendants.

24          Plaintiff does not oppose Defendants Silvius's and Mullins's third MIL; it is granted.

25

26   4. Exclusion of Plaintiff's Trial Exhibits 2, 3 and 9.

27          For the same reasons as Defendant Mora's fourth, fifth, and sixth MIL, Defendants

28   Silvius's and Mullins's fourth MIL is granted with the understanding that prior statements may be

1    used for impeachment.

2

3    5. Exclusion of Plaintiff's Trial Exhibits 4, 5, 6, 7, 8, 11, and 12.

4          These exhibits are Defendants' depositions, declarations, and testimony during Plaintiffs'

5    criminal trial.  Defendants Silvius and Mullins only say that, "Depositions and declarations are not

6    admissible as exhibits and must be excluded from evidence. Further, the City Defendants will all

7    be present at the trial to testify." Doc. 289, Defendants Silvius's and Mullins's MIL, 8:26-9:1.  An

8    opposing party's statement is not considered hearsay. Fed. Rule Civ. Proc. 801(d)(2).  There is no

9    basis to exclude any relevant portions of these exhibits.

10         Defendants Silvius's and Mullins's fifth MIL is denied to the extent that relevant portions

11   of these exhibits may be admissible under Fed. Rule Civ. Proc. 801(d)(2).

12

13   6. Exclusion of Testimony of Kathryn Moye.

14         For the same reasons as Defendant Mora's seventh MIL, Defendants Silvius's and

15   Mullins's sixth MIL is granted.

16

17   7. Exclusion of All Witnesses Not Previously Disclosed in Disclosures Pursuant to Fed. R. Civ. P

18   26 or in Discovery Responses.

19         Plaintiff does not oppose Defendants Silvius's and Mullins's seventh MIL; it is granted.

20

21   8. Exclusion of Nonparty Witnesses from the Court Room

22         Plaintiff does not oppose Defendants Silvius's and Mullins's eighth MIL; it is granted.

23

24   9. Exclusion of Any Golden Rule Argument.

25         Plaintiff does not oppose Defendants Silvius's and Mullins's ninth MIL; it is granted.

26

27   10. Exclusion of Any Reference, Argument, or Evidence Pertaining to Insurance or

28   Indemnification.

For the same reasons as Defendant Mora's eleventh MIL, Defendants Silvius's and Mullins's tenth MIL is granted with the understanding that Defendants are not permitted to introduce evidence or suggestion of inability to pay.

11. Exclusion of any reference, argument, or evidence pertaining to Prior or Subsequent Claims or Lawsuits.

For the same reasons as Defendant Mora's ninth MIL, Defendants Silvius's and Mullins's eleventh MIL is denied.

### IV. Order

The question of qualified immunity is given to the jury.  The trial will be bifurcated.  The MIL are granted and denied as explained above.

IT IS SO ORDERED.

Dated: __March 20, 2014__                           _____
                                                    SENIOR  DISTRICT  JUDGE