UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIS,<br><br>　　　　　Plaintiff<br><br>　　　　v.<br><br>JOSEPH MULLINS, et al.,<br><br>　　　　　Defendants | CASE NO. 1:04-CV-6542 AWI BAM<br><br>ORDER RE: MOTION FOR RECONSIDERATION |

**I. History**

Gary Willis ("Plaintiff") was a registered occupant of the E-Z 8 Motel in Bakersfield, CA on March 27, 1996. Police received reports of heavy traffic from that room and were informed it was registered under Plaintiff's name. The Defendants are four law enforcement officers form different departments who were sent to investigate: Bakersfield Police Officer Joseph Mullins, Bakersfield Police Officer Silvius, Kern County Deputy Sheriff Hood, and California State Parole Officer Diane Mora.[1] Defendant Mullins consulted a list of parolees generated by the California Department of Corrections and distributed to local police departments on a roughly monthly basis ("Parole Roster"). He presented the Parole Roster to Defendant Mora; she confirmed the Parole Roster indicated that Plaintiff was on parole (based on 1987 convictions and a 1994 parole revocation) and subject to search. After announcing their presence and entering the motel room, Defendants found two individuals inside, Plaintiff and Kathleen Moye. Also visible were a knife,

---

[1]Defendants Mullins and Silvius are employees of the City of Bakersfield. They are jointly represented by counsel. Defendant Hood and Defendant Mora each have separate counsel.

a syringe, and a briefcase. Defendants announced the commencement of a parole search. Plaintiff informed Defendant Mullins he was no longer on parole and provided his parole discharge card. Defendant Mora left to seek telephone confirmation of Plaintiff's parole status. In fact, Plaintiff had been discharged from parole nine months prior. While the call was taking place, Defendant Mullins detained Plaintiff outside the motel room while Defendants Silvius and Hood talked with Ms. Moye inside the room. Ms. Moye admitted to recently using methamphetamine, stated that she put a speed pipe in the briefcase, and consented to search of the briefcase. Defendant Mullins brought Plaintiff back into the room. Defendants Mullins, Silvius, and Hood opened the briefcase and found methamphetamine, speed pipes, syringes, set of scales, small plastic bags, spoons, and pay-owe sheets. At some point, Defendant Mora returned and informed Defendant Mullins that Plaintiff was not on parole. Defendants arrested Plaintiff and Ms. Moye.

Plaintiff made a motion to suppress evidence, which the California trial court denied. Based on evidence found within the motel room, Plaintiff was convicted of possession of methamphetamine for sale (Cal. Health & Safety Code § 11378) and possession of narcotics paraphernalia (Cal. Health & Safety Code § 11364). He ultimately served six years in state prison. On appeal, the Fifth District Court of Appeal found the entry unconstitutional and the good faith exception to the exclusionary rule inapplicable, but nonetheless affirmed the denial of suppression based on the finding that the officers had sufficient probable cause to search the briefcase based on Ms. Moye's statements to Defendant Silvius. The Fifth District's rationale was that the "freeze" in search was a reasonable response to the uncertainty concerning Plaintiff's parole status. People v. Willis, 71 Cal. App. 4th 530, 541 (Cal. Ct. App. 1999). On appeal, the attorney general conceded that the Fifth District's rationale for denying the motion to suppress was erroneous. People v. Willis, 28 Cal. 4th 22, 25 (Cal. 2002). The California Supreme Court overturned Plaintiff's conviction on June 3, 2002, finding that evidence from the search must be suppressed as the good faith exception did not apply. People v. Willis, 28 Cal. 4th 22, 38 (Cal. 2002). Plaintiff was released on August 31, 2002.

Thereafter, Plaintiff filed a civil suit based on a number of causes of action. The procedural history of this is elaborate. In the last dispositive order, this court found summary

adjudication on the following issues:

> 1. Defendants' initial entry into the motel room violated Plaintiff's Fourth Amendment rights. Qualified immunity can not be determined at this time. Summary judgment on the unconstitutional entry Section 1983 claim is DENIED.
>
> 2. Defendants' seizure of Plaintiff while determining his parole status violated Plaintiff's Fourth Amendment rights. Qualified immunity applies. Summary judgment on the unconstitutional seizure Section 1983 claim is GRANTED in favor of Defendants.
>
> 3. The search of the briefcase based on Ms. Moye's consent did not violate Plaintiff's constitutional rights. Summary judgment on the unconstitutional search Section 1983 claim is GRANTED in favor of Defendants.
>
> 4. Plaintiff's arrest based on the evidence found in the briefcase did not violate Plaintiff's constitutional rights. Summary judgment on the unconstitutional arrest Section 1983 claim is GRANTED in favor of Defendants.
>
> 5. Defendants actions in supporting Plaintiff's criminal prosecution do not constitute malicious prosecution. Summary judgment on the malicious prosecution Section 1983 claim is GRANTED in favor of Defendants.

Doc. 260, August 16, 2011 Order, 21:25-22:11. Qualified immunity can not be determined at this point because there is insufficient evidence as to the reasonableness of Defendants' reliance on the Parole Roster. At this point, the only causes of action that remain are a violation of 42 U.S.C. §1983 claim and conspiracy to commit the same. As a Fourth Amendment violation has been established, whether Defendants' actions were reasonable is central the question to be resolved. The trial will focus on whether qualified immunity should apply to the initial entry and damages (and punitive damages) if qualified immunity is denied.

The parties filed motions in limine which were partially granted and denied. In key part, Plaintiff's claim for damages is limited to injuries that are directly attributable to the entry; damages due to his arrest and conviction, namely the time he spent in prison, are excluded. Plaintiff has made a motion for reconsideration of that ruling. Doc. 325. Defendants all oppose the motion. Docs. 326, 327, and 329. A review of the parties' submissions reveals that the matter may be resolved without oral argument.

## II. Legal Standard

"Reconsideration is appropriate if the district court (1) is presented with newly discovered

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

### III. Discussion

Plaintiff asks "the court to submit the issues of causation and compensatory damages for plaintiff's six years of imprisonment to the jury." Doc. 325, Plaintiff's Brief, 1:21-23. To that end, Plaintiff asks for reconsideration of this court's finding that "Plaintiff's damages are extremely limited. In the context of entry, compensation is available for 'actual injuries (i.e., physical pain and suffering, mental anguish, etc.) with respect to the illegal entry.' Estate of Sowards v. City of Trenton, 125 Fed. Appx. 31, 36 (6th Cir. 2005)." Doc. 324, March 21, 2014 Order, 8:26-9:1. Plaintiff understood the court's earlier rulings to be that "the decision by the prosecutor to charge plaintiff was an independent decision and was a supervening cause of plaintiff's damages for his imprisonment, that operates to cut off plaintiff's compensatory damages for his imprisonment." Doc. 325, Plaintiff Brief, 3:27:4:2. Plaintiff argues "the court's ruling is legally incorrect: (1) as a matter of law, when the California Supreme Court reversed the plaintiff's conviction, the prosecutor's decision to charge plaintiff became a legal nullity that no longer could have any legal effect at all, including in the instant action, so that it could not be a supervening cause, much less any cause at all, so as to cut off plaintiff's ability to recover damages for his post-charging imprisonment; and , (2) in all events, and pursuant to controlling Ninth Circuit authority, the issue of whether the prosecutor's decision to charge the plaintiff is a supervening cause is a jury issue." Doc. 325, Plaintiff Brief, 4:16-25.

Plaintiff misapprehends the nature of the earlier court rulings. The prosecutor's decision to charge does not act as an intervening cause to cut off damages in this case as damages were cut off at an even earlier stage. As the Second Circuit explained in Townes, "The goal of the Court's § 1983 jurisprudence has been to tailor liability to fit the interests protected by the particular constitutional right in question. In other words, § 1983 damages should be made available only for

4

risks that are constitutionally relevant. Here, there is a gross disconnect between the constitutional violations (Townes's Fourth Amendment right to be free from unreasonable searches and seizures) and the injury or harm for which Townes seeks a recovery (his subsequent conviction and incarceration). The evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." Townes v. City of New York, 176 F.3d 138, 148 (2nd Cir. 1999), citations omitted. Plaintiff's constitutional rights were violated by the initial entry; his injury is search without probable cause. Regarding seizure of his person, Ms. Moye's consent to the search of the briefcase containing illegal narcotics and paraphernalia provided probable cause for Plaintiff's arrest. Doc. 260, August 16, 2011 Order, 18:14-28. Again, relying on Townes v. City of New York, 176 F.3d 138, 148 (2nd Cir. 1999), the fruit of the poisonous tree doctrine does not carry over from criminal prosecution to civil Section 1983 suits so Defendants' bad entry did not disqualify later gathered evidence. For the purposes of Section 1983, Plaintiff may not recover for damages arising from the arrest as he did not suffer a constitutional violation in being arrested. Causation for damages cut off at Plaintiff's arrest, prior to the prosecutor making any decision about bringing charges.

With that framework, Plaintiff's arguments are unavailing. First, as has already been determined, the California Supreme Court's ruling in the criminal case does not have preclusive effect against Defendants in this case due to a lack of privity. See Doc. 81, December 21, 2005 Order. Second, even a lack of probable cause to bring charges would not work to extend Plaintiff's damages from the bad search because they were cut off with the arrest justified by probable cause. To argue that Defendants committed an independent violation in causing the prosecutor in the case to press charges against Plaintiff is a claim for malicious prosecution. Summary adjudication was granted in favor of Defendants on the Section 1983 malicious prosecution claim. Doc. 260, August 16, 2011 Order, 19:25-20:25. Plaintiff acknowledges, "the court already has ruled that there was no favorable termination showing factual innocence, which the court held is necessary under state malicious prosecution law, and that therefore plaintiff could not pursue his Section 1983 malicious prosecution claim." Doc. 331, Plaintiff Reply, 3:23-25.

The cases Plaintiff cites to have a distinct factual background that do not involve the

1 application of the fruit of the poisonous tree doctrine but rather cases in which there was an
2 absolute lack of probable cause throughout the proceedings. Plaintiff cites to Smiddy v. Varney,
3 803 F.2d 1469 (9th Cir. 1986) and Borunda v. Richmond, 885 F.2d 1384 (9th Cir. 1988) for the
4 proposition that "the jury must decide whether or not, based on the facts in this case, the police
5 conduct does or does not create an unbroken chain of causation making defendants liable for all
6 harm caused to the plaintiff, including his post-charging imprisonment." Doc. 325, Plaintiff's
7 Brief, 10:26-11:2. In Smiddy, the plaintiff "sought damages caused by his arrest without a
8 warrant or probable cause in violation of his constitutional rights." Smiddy v. Varney, 803 F.2d
9 1469, 1470 (9th Cir. 1986). Similarly, in Borunda, the claim was that police "had violated the
10 plaintiffs' fourth amendment rights by arresting them without probable cause." Borunda v.
11 Richmond, 885 F.2d 1384, 1386 (9th Cir. 1988). In Smiddy and Borunda, the nature of the
12 constitutional violation was arrest without probable cause. There was a lack of probable cause to
13 arrest and there was lack of probable cause to charge. The ongoing lack of probable cause resulted
14 in the plaintiff suffering a continuing constitutional violation (seizure). In that context, the
15 independent judgment of a prosecutor to charge acted to break causation for damages that took
16 place after the plaintiff was criminally charged. In the case at hand, it has already been
17 adjudicated that Ms. Moye's consent to search of the briefcase which resulted in discovery of
18 methamphetamine and paraphernalia provided sufficient probable cause for Plaintiff's arrest. Doc.
19 260, August 16, 2011 Order, 18:14-28. The constitutional violation at issue is improper search
20 rather than seizure.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27
28

## IV. Order

Plaintiff's motion for reconsideration is DENIED.

In light of the rulings on the motions in limine and bifurcation of trial, parties are directed to file updated proposed jury instructions and proposed verdict forms by 6:00 PM Wednesday, April 30. 2014. The court encourages the various parties to cooperate and file joint proposed jury instructions and proposed verdict forms if possible.

IT IS SO ORDERED.

Dated:   April 23, 2014                                              _____
                                                        SENIOR DISTRICT JUDGE