1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                    **EASTERN DISTRICT OF CALIFORNIA**

7

8  **GARY WILLIS,**                        **CASE NO. 1:04-CV-6542 AWI BAM**

9                    **Plaintiff**          **ORDER RE: MOTION TO EXCLUDE**
                                            **DAMAGES AND MOTION FOR**
10      **v.**                             **RECONSIDERATION**

11 **JOSEPH MULLINS, et al.,**

12                   **Defendants**         **(Docs. 401, 403, and 404)**

13

14                          **I. History**

15         Gary Willis ("Plaintiff") was a registered occupant of the E-Z 8 Motel in Bakersfield, CA

16 on March 27, 1996.  Police received reports of heavy traffic from that room and were informed it

17 was registered under Plaintiff's name.  The Defendants are four law enforcement officers from

18 different departments who were sent to investigate: Bakersfield Police Officer Joseph Mullins,

19 Bakersfield Police Officer Silvius, Kern County Deputy Sheriff Hood, and California State Parole

20 Officer Diane Mora.[1]  Defendant Mullins consulted a list of parolees generated by the California

21 Department of Corrections and distributed to local police departments on a roughly monthly basis

22 ("Parole Roster").  He presented the Parole Roster to Defendant Mora; she confirmed the Parole

23 Roster indicated that Plaintiff was on parole (based on 1987 convictions and a 1994 parole

24 revocation) and subject to search.  After announcing their presence and entering the motel room,

25 Defendants found two individuals inside, Plaintiff and third party Kathleen Moye.  Also visible

26 were a knife, a syringe, and a briefcase. Defendants announced the commencement of a parole

27 _____

28 [1] Defendants Mullins and Silvius are employees of the City of Bakersfield. They are jointly represented by counsel.
Defendant Hood and Defendant Mora each have separate counsel.

1   search.  Plaintiff informed Defendant Mullins he was no longer on parole and provided his parole

2   discharge card.  Defendant Mora left to seek telephone confirmation of Plaintiff's parole status.  In

3   fact, Plaintiff had been discharged from parole nine months prior.  While the call was taking place,

4   Defendant Mullins detained Plaintiff outside the motel room while Defendants Silvius and Hood

5   talked with Ms. Moye inside the room.  Ms. Moye admitted to recently using methamphetamine,

6   stated that she put a speed pipe in the briefcase, and consented to search of the briefcase.

7   Defendant Mullins brought Plaintiff back into the room. Plaintiff objected to the search of the

8   briefcase.  Defendants Mullins, Silvius, and Hood opened the briefcase and found

9   methamphetamine, speed pipes, syringes, set of scales, small plastic bags, spoons, and pay-owe

10   sheets.  At some point, Defendant Mora returned and informed Defendant Mullins that Plaintiff

11   was not on parole. Defendants arrested Plaintiff and Ms. Moye.

12        Plaintiff made a motion to suppress evidence, which the California trial court denied.

13   Based on evidence found within the motel room, Plaintiff was convicted of possession of

14   methamphetamine for sale (Cal. Health & Safety Code § 11378) and possession of narcotics

15   paraphernalia (Cal. Health & Safety Code § 11364).  He ultimately served six years in state prison.

16   On appeal, the Fifth District Court of Appeal found the entry unconstitutional and the good faith

17   exception to the exclusionary rule inapplicable, but nonetheless affirmed the denial of suppression

18   based on the finding that the officers had sufficient probable cause to search the briefcase based on

19   Ms. Moye's statements to Defendant Silvius.  The Fifth District's rationale was that the "freeze"

20   in search was a reasonable response to the uncertainty concerning Plaintiff's parole status. <u>People</u>

21   <u>v. Willis</u>, 71 Cal. App. 4th 530, 541 (Cal. Ct. App. 1999).  On appeal, the attorney general

22   conceded that the Fifth District's rationale for denying the motion to suppress was erroneous.

23   <u>People v. Willis</u>, 28 Cal. 4th 22, 25 (Cal. 2002).  The California Supreme Court overturned

24   Plaintiff's conviction on June 3, 2002, finding that evidence from the search must be suppressed as

25   the good faith exception did not apply. <u>People v. Willis</u>, 28 Cal. 4th 22, 38 (Cal. 2002).  Plaintiff

26   was released on August 31, 2002.

27        Thereafter, Plaintiff filed a civil suit based on 42 U.S.C. § 1983.  The procedural history of

28   this case is elaborate.  Before the trial, this court ordered summary adjudication on the following

issues:

1. Defendants' initial entry into the motel room violated Plaintiff's Fourth Amendment rights. Qualified immunity can not be determined at this time. Summary judgment on the unconstitutional entry Section 1983 claim is DENIED.

2. Defendants' seizure of Plaintiff while determining his parole status violated Plaintiff's Fourth Amendment rights. Qualified immunity applies. Summary judgment on the unconstitutional seizure Section 1983 claim is GRANTED in favor of Defendants.

3. The search of the briefcase based on Ms. Moye's consent did not violate Plaintiff's constitutional rights. Summary judgment on the unconstitutional search Section 1983 claim is GRANTED in favor of Defendants.

4. Plaintiff's arrest based on the evidence found in the briefcase did not violate Plaintiff's constitutional rights. Summary judgment on the unconstitutional arrest Section 1983 claim is GRANTED in favor of Defendants.

5. Defendants actions in supporting Plaintiff's criminal prosecution do not constitute malicious prosecution. Summary judgment on the malicious prosecution Section 1983 claim is GRANTED in favor of Defendants.

Doc. 260, August 16, 2011 Order, 21:25-22:11.  The case proceeded to trial on the first issue only and the jury found that each of the Defendants had an objectively reasonable belief that the Plaintiff was on parole when they entered the motel room. Doc. 362.  Qualified immunity was granted to Defendants on that issue and judgment was entered in their favor. Docs. 360 and 364.

Plaintiff filed an appeal with the Ninth Circuit. Doc. 365.  The Ninth Circuit affirmed in part and reversed in part the summary adjudications granted by this court, finding that summary judgment should not have been granted regarding the search of the briefcase. Doc. 391, Ninth Circuit Memorandum.  After remand, the parties and Magistrate Judge Barbara McAuliffe held a status conference in which it was determined that additional motions would further the resolution of this case. Doc. 400.

Defendants Mullins and Silvius seek summary adjudication "precluding the Plaintiff from seeking to recover damages as a result of his incarceration at the time of trial." Doc. 401, Defendants' Motion, 1:22-23.  Plaintiff seeks summary adjudication for "damages for plaintiff's six years of imprisonment following his conviction which was reversed by the California Supreme Court." Doc. 403, Plaintiff's Brief, 1:22-23.  The two are essentially cross motions on the same issue.

## II. Discussion

Defendants Mullins and Silvius assert that this court has already ruled that Plaintiff may not recover damages for the time he was incarcerated.  Plaintiff asserts that the Ninth Circuit's recent order permits recovery of those damages.  In addition to the rulings mentioned above that discussed the five potential bases for liability in this case, this court also made rulings as to what damages could be recovered as a consequence.  Specifically, this court found that the exclusionary rule only applied in the criminal context and did not translate to Section 1983 cases, following Second Circuit precedent in <u>Townes v. City of New York</u>, 176 F.3d 138 (2nd Cir. 1999); thus, "For the purposes of Section 1983, Plaintiff may not recover for damages arising from the arrest as he did not suffer a constitutional violation in being arrested.  Causation for damages cut off at Plaintiff's arrest, prior to the prosecutor making any decision about bringing charges." Doc. 332, April 24, 2014 Order, 5:12-15.  Relevant to the issue raised by the parties, this court's prior conclusion rests on two parts: Plaintiff's arrest did not violate his constitutional rights and the exclusionary rule does not apply to Section 1983 cases.

On review, the Ninth Circuit explicitly upheld the jury verdict and the ruling on malicious prosecution while reversing the ruling on the search of the briefcase. Doc. 391, Ninth Circuit Memorandum.  Plaintiff argues that the Ninth Circuit also reversed this court's ruling on the validity of Plaintiff's arrest, stating that the Ninth Circuit "held that Kathleen Moye's purported content to search the briefcase would not provide probable cause for plaintiff's arrest, and does not operate to cut off liability for the damages resulting from plaintiff's seizure, including the six year term of his imprisonment." Doc. 403, Plaintiff's Brief, 4:3-7.  Plaintiff's interpretation of the Ninth Circuit opinion is overbroad.  The panel did not find a lack of probable cause for arrest; rather it found that "The district court erred by granting summary judgment in favor of defendants on Gary Willis' Fourth Amendment claim for the warrantless search of his briefcase....a reasonable jury could conclude that Kathleen Moye's consent was ineffective, and that defendants' subsequent search of Willis' briefcase violated clearly established Fourth Amendment law." Doc. 391, Ninth Circuit Memorandum, at 1-2.  The more limited holding only addresses the

4

propriety of the search, not the arrest.

As part of his appeal, Plaintiff listed as an issue presented for review, "7. Did the court err in ruling that plaintiff was restricted to proving compensatory damages for the actual physical entry into his motel room and that plaintiff could not prove compensatory damages proximately caused by the illegal entry, which included the six years he spent in prison?" Ninth Circuit Case No. 14-16071, Doc. 21-1, Plaintiff's Opening Brief, at 4.  In response, Defendants argued both that this court's ruling was correct on the merits and that the issue was moot given the jury verdict. Ninth Circuit Case No. 14-16071, Doc. 38-1, Defendant Mora's Answering Brief, at 44.  In its ruling, the Ninth Circuit stated that "7. Because we affirm the jury's verdict that the defendants are not liable for the initial unlawful entry into the motel room, Willis' argument that the district court erred in excluding evidence regarding the extent of damages for that entry is moot." Doc. 391, Ninth Circuit Order, at 6.  Thus, the Ninth Circuit has neither overturned nor affirmed this court's earlier ruling on the issue.

Given this history, the cross-motions by the parties are more properly considered a request for reconsideration by Plaintiff.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.  Plaintiff do not argue that there is any newly discovered evidence or intervening change in controlling law. Instead, Plaintiff argues that the prior rulings were in error.

Thus, it is necessary to recapitulate the reasoning of those rulings.  First, Plaintiff was validly arrested based on the evidence found in the briefcase.  "The Fourth Amendment requires that a law enforcement officer have 'probable cause' to arrest an individual without a warrant. The test for whether probable cause exists is whether at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." United States v. Jensen, 425 F.3d 698, 704 (9th

Cir. 2005), citations and quotations omitted.  "To prevail on his § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him." Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).  In determining what constitutes sufficient probable cause for arrest, an officer may consider inadmissible information; "nothing within the fruit-of-the-poisonous-tree doctrine suggests that an officer must ignore facts that would give him probable cause to arrest a person merely because those facts were procured through an unlawful search. Indeed, as a general matter, probable cause determinations depend on the substance of the information known to the officer, not whether that information would be admissible in court." Lingo v. City of Salem, 2016 U.S. App. LEXIS 14535, *14 (9th Cir. Aug. 8, 2016).  In this case, it is undisputed that Defendants Mullins and Silvius opened a briefcase belonging to Plaintiff and used by both Plaintiff and Ms. Moye to find "a hypodermic syringe containing a small amount of brown fluid that Officer Mullins believed contained methamphetamine, a blue plastic container which contained about five grams of methamphetamine, two hypodermic syringes, a set of electronic gram scales, narcotic packaging consisting of several small pieces of clear plastic and several Ziplock baggies, two glass methamphetamine smoking pipes, several spoons, and a handwritten pay-and-owe sheet." Doc. 172, September 25, 2007 Order, 24:12-17.  Possession of methamphetamine is a violation of Cal. Health & Saf. Code § 11377(a).  Possession of drug paraphernalia is a violation of Cal. Health & Saf. Code § 11364.  Possession of a controlled substance for the purpose of sale is a violation of Cal. Health & Saf. Code § 11378.  Notwithstanding the legality or illegality of the search, the contents of the briefcase and the surrounding circumstances constituted sufficient probable cause for arresting Plaintiff.

The second part of the prior ruling is that the exclusionary rule does not apply in the Section 1983 context and thus damages for prosecution and incarceration are cut off due to Plaintiff's valid arrest.  Many years ago, the Second Circuit examined the underlying purposes of the exclusionary rule and fruit of the poisonous tree doctrine to conclude that "In a § 1983 suit, constitutionally invalid police conduct that by itself causes little or no harm is assessed on ordinary principles of tort causation and entails little or nominal damages. The fruit of the

1   poisonous tree doctrine is not available to elongate the chain of causation." <u>Townes v. City of</u>

2   <u>N.Y.</u>, 176 F.3d 138, 146 (2nd Cir. 1999).  The second part of <u>Townes</u> finds that damages are

3   closely tied to the specific nature of the bad conduct and violation of rights at issue:

4   "constitutional tort liability under § 1983 is limited to the kind of injury that the constitutional

5   right at issue was designed to prevent. Victims of unreasonable searches or seizures may recover

6   damages directly related to the invasion of their privacy--including (where appropriate) damages

7   for physical injury, property damage, injury to reputation, etc.; but such victims cannot be

8   compensated for injuries that result from the discovery of incriminating evidence and consequent

9   criminal prosecution." <u>Townes v. City of N.Y.</u>, 176 F.3d 138, 148 (2nd Cir. 1999).  Together,

10  these rules work to cut up police-civilian interactions into discrete links that must be analyzed

11  largely independent of what came before or after; damages are tied tightly to the specific right

12  associated with each link and tend not to expand into other stages of the interactions.  In this case,

13  Plaintiff's damages are tied to an allegation of an invalid search and so do not encompass the time

14  he spent incarcerated.  To recover for that injury, Plaintiff would have to establish liability for

15  invalid arrest, malicious prosecution, or some other violation involving seizure of a person.

16      Plaintiff's central argument is a rejection of the rule propounded in <u>Townes</u>.  Plaintiff

17  explicitly asserts that lack of probable cause for the search of the briefcase should permit Plaintiff

18  to seek damages for his subsequent arrest and incarceration. Doc. 403, Plaintiff's Brief, 5:13-15.

19  Plaintiff argues that <u>Townes</u> "has no bearing and is inapposite, and it is an unreasoned, moralizing

20  outlier, that has been followed by only a few appellate courts." Doc. 412, Plaintiff's Opposition,

21  8:10-12.  For support, Plaintiff cites Ninth Circuit precedent stating that "A plaintiff who

22  establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is

23  entitled to recover compensatory damages for all injuries suffered as a consequence of those

24  deprivations. Such damages are calculated in most circumstances according to general tort law

25  principles applicable to the types of deprivations proved." <u>Borunda v. Richmond</u>, 885 F.2d 1384,

26  1389 (9th Cir. 1988).  While this language is expansive, <u>Borunda</u> did not deal with the

27  exclusionary rule or with damages that would properly be considered a consequence of a separate

28  bad act.  In that case, police officers arrested plaintiffs without probable cause and interfered with

1   the prosecutor's judgment on whether to bring charges. See <u>Borunda v. Richmond</u>, 885 F.2d 1384,

2   1389 (9th Cir. 1988).  As a result, plaintiffs' attorney's fees for their criminal defenses were a

3   direct consequence of the specific violation of rights and could be recovered as damages.

4         The recent case law that has dealt directly with this issue has uniformly supported the

5   conclusion reached in <u>Townes</u>.  Of special note, the Ninth Circuit recently reviewed the extant

6   case law and found "federal courts of appeals have widely held that the exclusionary rule does not

7   apply in § 1983 cases. We agree, and we join those courts now." <u>Lingo v. City of Salem</u>, 2016

8   U.S. App. LEXIS 14535, *10 (9th Cir. Aug. 8, 2016).  Similarly, recent decisions of the district

9   courts of the Ninth Circuit have recognized that courts nationwide have reached a general

10  consensus on this issue. See, e.g. <u>Moreno v. Idaho</u>, 2017 U.S. Dist. LEXIS 49910, *19 (D. Idaho

11  Mar. 31, 2017), <u>Ramirez v. United States</u>, 93 F. Supp. 3d 1207, 1230 (W.D. Wash. 2015), <u>Fowler</u>

12  <u>v. Cal. Highway Patrol</u>, 2014 U.S. Dist. LEXIS 58107, *35 (N.D. Cal. Apr. 25, 2014), <u>Orellana v.</u>

13  <u>Cty. of L.A.</u>, 2013 U.S. Dist. LEXIS 198186, *15 (C.D. Cal. Apr. 29, 2013).  Absent contrary

14  direction from higher courts, the non-applicability of the exclusionary rule to Section 1983 is

15  considered to be settled law.

16        Another objection Plaintiff raises concerns the assertion that Defendant Mullins made

17  misrepresentations and omissions in his police report after the fact, affecting the decision by the

18  District Attorney's office to prosecute Plaintiff. Doc. 403, Plaintiff's Brief, 7:23-8:1.  Insofar as

19  Plaintiff is arguing that this would allow him to recover damages for his incarceration based on the

20  alleged invalid search of the briefcase, Plaintiff is mistaken.  The chain of causation from the

21  search had already been broken by the valid arrest under the logic of <u>Townes</u>.  Subsequent police

22  misrepresentations to the prosecutor do not change the initial validity of an arrest. See <u>Roberson v.</u>

23  <u>City of Los Angeles</u>, 220 Fed. Appx. 522, 523 (9th Cir. Jan. 30, 2007) ("Even viewing the record

24  in the light most favorable to plaintiff, the officers had probable cause to arrest him because he

25  was observed accepting the proceeds of a drug transaction. Thus, plaintiff suffered no Fourth

26  Amendment violation. That Officer Beard may have deliberately reported false information as to

27  the exact sequence of events is of no consequence"), citations omitted.

28        Allegations of misrepresentations or omissions in the police report that affect the filing of a

1  criminal complaint sound in malicious prosecution.  However, the Ninth Circuit has explicitly

2  affirmed the grant of summary adjudication in favor of Defendants on that cause of action: "To

3  prevail on this claim, Willis must show not only that his underlying criminal conviction was

4  overturned, but also that the basis on which the conviction was overturned reflects Willis'

5  innocence of the underlying charges....Because the basis of the California Supreme Court's

6  decision did not reflect Willis' innocence of the charges, Willis cannot prevail on his malicious

7  prosecution claim." Doc. 391, Ninth Circuit Memorandum, at 3.

8         Plaintiff argues that apart from malicious prosecution, he "still has a direct § 1983 claim

9  for violation of his Fourth Amendment rights not to be subject to an illegal search and seizure."

10  Doc. 416, Plaintiff's Reply, 9:13-15.  Plaintiff's Fourth Amendment rights regarding entry, search,

11  and arrest have already been discussed.  Insofar as Plaintiff is referring to his right not to be held

12  without probable cause during the pendency of his criminal case, Plaintiff has not made any

13  explicit argument concerning that right.  "[T]he Fourth Amendment requires a judicial

14  determination of probable cause as a prerequisite to extended restraint of liberty following

15  arrest....we do not imply that the accused is entitled to judicial oversight or review of the decision

16  to prosecute." Gerstein v. Pugh, 420 U.S. 103, 114 and 119 (1975).  Plaintiff has not shown or

17  explained how his Fourth Amendment rights have been violated in any other way.  Plaintiff cites

18  to other cases, but the constitutional violation they were dealing with was arrest without probable

19  cause. See Smiddy v. Varney, 665 F.2d 261, 265 (9th Cir. 1981;, O'Neal v. Johnson, 2017 WL

20  416128, *11 (E.D. Cal. Jan. 31, 2017).  As such those cases are distinguishable as an invalid arrest

21  and an invalid search give rise to different damages.  "Victims of unreasonable searches or

22  seizures may recover damages directly related to the invasion of their privacy...but such victims

23  cannot be compensated for injuries that result from the discovery of incriminating evidence and

24  consequent criminal prosecution." Lingo v. City of Salem, No. 14-35344, 2016 U.S. App. LEXIS

25  14535, *15 (9th Cir. Aug. 8, 2016), quoting Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2001).

26  None of Plaintiff's arguments provide sufficient reason to deviate from the conclusion that

27  damages for incarceration may not be recovered in this action.

28

### III. Order

Defendants' motion to exclude any claim for damages resulting from Plaintiff's incarceration is GRANTED.

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  __July 28, 2017__                    _____

                                        SENIOR  DISTRICT  JUDGE

10